(No. 20947.

The J. E. Crowder Seed Company, Plaintiff in Error, *vs.*
The Industrial Commission *et al.*—(Fred Aldridge,
Defendant in Error.)

*Opinion filed December 17, 1931—Rehearing denied Feb. 3, 1932.*

HOOPES & PEFFERLE, for plaintiff in error.

J. L. McLAUGHLIN, and FRANCIS W. PURVIS, for defendant in error.

Mr. JUSTICE HEARD delivered the opinion of the court:

By leave of this court plaintiff in error, the J. E. Crowder Seed Company, has sued out a writ of error to review a judgment order of the circuit court of Moultrie county, under the Workmen's Compensation act, ordering plaintiff in error to pay defendant in error, Fred Aldridge, $2640 in weekly installments of $13 and after the total sum of $2640 had been paid to pay him an additional sum of $17.60 per month for the balance of his life; that plaintiff in error be denied credit for the sum of $234 paid Aldridge prior to the hearing before the arbitrator; that plaintiff in error pay the costs of the record from the Industrial Commission to the circuit court, together with all other costs incurred by Aldridge; that the sum of $1079 is now due and owing under this award, and that unless the same is paid immediately, execution to issue.

On December 5, 1928, Fred Aldridge, an employee of plaintiff in error, in the course of his employment sustained

an accidental injury, as the result of which he was confined to his bed for approximately four weeks, during which period plaintiff in error paid him the sum of $234 compensation. Further payment being refused, Aldridge filed his claim with the Industrial Commission and a hearing was had thereon on June 10, 1929. Upon a hearing the arbitrator found "that, as provided in sub-paragraph 3 of paragraph (*h*) of section 8 of the said act as amended, the petitioner is not entitled to receive compensation from the respondent; that the sum of $234 has been paid on said injury." On February 7, 1930, Aldridge filed a petition with the Industrial Commission for a review of the decision of the arbitrator, under paragraph (*h*) of section 19 of the Workmen's Compensation act. A hearing before the Industrial Commission upon the petition for review was held on November 19, 1930, at which time plaintiff in error made a motion to dismiss the petition for want of jurisdiction, which motion was taken with the case. After hearing the evidence the Industrial Commission dismissed the petition for want of jurisdiction. On a hearing in the circuit court on *certiorari* the order of the Industrial Commission was reversed and the order here under review entered.

It is claimed by plaintiff in error that the circuit court erred in holding that the Industrial Commission could, upon a petition under paragraph (*h*) of section 19, review a former award of the commission denying compensation to an applicant for failure of the applicant to prove his case. Paragraph (*h*) of section 19 provides that an award under the Compensation act may, at any time within eighteen months after such award, be reviewed by the Industrial Commission, at the request of either the employer or employee, on the ground that the disability of the employee has subsequently recurred, increased, diminished or ended, and on such review compensation payments may be re-established, increased, diminished or ended. (*Donk Bros. Coal Co.* v. *Industrial Com.* 325 Ill. 193; *Simpson Construction Co.* v.

*Industrial Board,* 275 id. 366.) In the *Donk Bros. Coal Co. case* it is said: "We are of the opinion that paragraph (*h*) of section 19 was intended to cover cases where an accidental injury arising out of and in the course of the employment has occurred though at the time of the hearing the injury had not resulted in loss of time of the employee or there was not then shown a loss of use of a member by reason of the accident. Where such loss of time or loss of use is shown to arise out of the accident, it is but within the purpose of the act to say that within eighteen months after the award an increase of the injuries resulting from the accident may be shown. The purpose of this review is met by this construction of that section. It was inserted by the legislature because of the recognized inability of the medical profession to forecast with certainty results arising from an injury or the exact extent of that injury."

Plaintiff in error's contention is, in effect, that Aldridge not having sought a review of the arbitrator's award before the Industrial Commission, the finding of the arbitrator operates as an estoppel by verdict and is a bar to an award in favor of Aldridge in this proceeding. An estoppel by verdict occurs where some controlling fact or question material to the determination of both causes is decided in a former suit and is again in issue in a subsequent suit between the same parties, in which case the first adjudication of the question will, if properly presented, be conclusive of the same question in the later suit irrespective of whether the cause of action is the same in both suits. To operate as an estoppel by verdict it is necessary that there shall have been a finding of a specific fact in the former judgment or record that was material and controlling in that case or was necessarily involved in the verdict or judgment and also material and controlling in the pending case, and where there is no such specific finding and more than one distinct issue of fact was involved in the former case, so that it is uncertain upon which issue the decision rested,

the estoppel will not be applied. (*Hoffman* v. *Hoffman,* 330 Ill. 413.) Two questions were involved on the hearing before the arbitrator: First, whether or not Aldridge had received an accidental injury in the course of his employment; and second, whether or not disability from such injury, if incurred, existed at the time of the hearing. A negative finding upon either of these questions necessitated a finding by the arbitrator that Aldridge was not entitled to compensation. The arbitrator's finding, therefore, did not operate as an estoppel by verdict or as *res judicata* upon the hearing before the commission.

The finding of the arbitrator that Aldridge was not entitled to compensation was not a finding that he had not sustained an accidental injury in the course of his employment. The evidence was uncontradicted that he did receive such an injury and that plaintiff in error had made payments therefor. The arbitrator's finding recognized the fact that Aldridge had been injured and that plaintiff in error had made payments under the Compensation act. The evidence clearly shows that at the time of the hearing before the Industrial Commission Aldridge was permanently incapacitated as a result of the injury complained of. The Industrial Commission had jurisdiction, upon the filing of the petition of Aldridge under paragraph (*h*) of section 19, to entertain such petition and determine whether or not Aldridge was then suffering from a recurrence of the injuries for which the arbitrator found he had received compensation to the extent of $234, and the circuit court did not err in so holding.

It is claimed by plaintiff in error that the circuit court erred in ordering that it be denied credit for $234 paid to Aldridge. Upon the hearing before the arbitrator it was stipulated "that the earnings of the petitioner were $510 a year, or $9.08 per week; that he had three children under sixteen years of age; that first aid, medical, surgical and hospital services had been furnished and that $234 had

been paid on account of the injury." Paragraph (*f*) of section 8 provides "that in case of complete disability, which renders the employee wholly and permanently incapable of work, compensation equal to fifty percentum of his earnings but not less than $7.50 nor more than $15 per week, commencing on the day after the injury, and continuing until the amount paid equals the amount which would have been payable as a death benefit under paragraph (*a*), section 7, if the employee had died as a result of the injury at the time thereof, leaving heirs surviving." Paragraph (*g*) provides that in death claims the employer should be given credit for all payments made to the employee during his lifetime, and that if there was any sum remaining due it should be paid to the widow. Under the total disability provision a man cannot receive more money than would be allowable as a death claim, with the proviso that after that sum has been paid he would be entitled to a pension. In accordance with the provisions of these sections it would seem clear that the circuit court should have allowed plaintiff in error credit for the sum of $234 when ascertaining the basis on which to compute the amount of the pension for life and in computing the amount to be paid in weekly installments.

The circuit court was in error in entering judgment for the amount of the award and ordering execution to issue. Paragraph (*g*) of section 19 of the Compensation act authorized judgment by the circuit court on presentation of a certified copy of the decision of the Industrial Commission, but its terms apply only where no proceedings for review of the decision of the commission have been taken. (*Nierman* v. *Industrial Com.* 329 Ill. 623.) In compensation cases the circuit court is authorized to exercise only the powers which the statute confers, and it has no authority to enter judgment for the payment of the cost of the *certiorari* proceeding, as paragraph (*f*) of section 19 of the act does not confer such authority. *Nierman* v. *In-*

*dustrial Com. supra; American Car Co. v. Industrial Com.*
335 Ill. 322.

For the errors indicated the judgment of the circuit court is reversed and the cause remanded to that court, with directions to remand the cause to the Industrial Commission, with directions to enter an award in accordance with the views herein expressed.

*Reversed and remanded, with directions.*