(Nos. 40739, 40742.—

THE BOARD OF EDUCATION OF THE CITY OF CHICAGO, Appellant, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(Otis Bledsoe, Appellee.)

THE BOARD OF EDUCATION OF THE CITY OF CHICAGO, Appellant, *vs.* THE INDUSTRIAL COMMISSION *et al.*— (Luther J. Collins, Appellee.)

*Opinion filed January 19, 1968.*

JAMES W. COFFEY, of Chicago, (JOHN C. DILLON, MICHAEL J. MURRAY, and ROBERT F. FAHEY, of counsel,) for appellant.

SOSTRIN AND SOSTRIN, of Chicago, (JACK A. SOSTRIN and NATHAN SOSTRIN, of counsel,) for appellees.

Mr. JUSTICE HOUSE delivered the opinion of the court:

Separate awards, judgments and appeals were had in these two workmen's compensation cases. Since the identical question of the propriety of a 50% penalty assessed against the employer was presented, they were consolidated for opinion following oral argument. In No. 40739 Otis Bledsoe was the employee and in No. 40742 Luther J. Collins was the employee. The Board of Education of the City of Chicago, employer in both cases, perfected these appeals.

The chronology of the Bledsoe case is as follows: On January 21, 1965, the employee sustained injuries while in the employ of the Board of Education. An arbitration hearing was held on November 1, 1965, and an award of $2,094.66 was made on November 16. A review was taken by the Board on December 7, and a further hearing held January 6, 1966, following notice of intention to introduce additional evidence and a request for oral argument by both parties. The Board was granted a continuance and the award was affirmed by the Industrial Commission on March

28. A writ of *certiorari* was issued on April 20 and the award of the Commission was affirmed July 1, 1966. The court's judgment became final on August 1. Following the next Board meeting on August 10 a tender of the amount of award was made to counsel on August 23, which was refused because it did not include interest and court costs. Bledsoe then filed a petition for a penalty award on August 26 alleging unreasonable delay in payment which was heard instanter and the Board again tendered the amount of the award which was again refused. On October 6, the Commission made a finding that no effort had been made to pay and entered its decision assessing a 50% penalty under section 19(k) of the Workmen's Compensation Act. (Ill. Rev. Stat. 1965, chap. 48, par. 138.19(k).) Following a review of this decision the circuit court of Cook County affirmed the penalty award.

In the Collins case the injury occurred April 29, 1964, application was filed with the Commission on April 1, 1965, the arbitration hearing was held on December 21, and an award of $780 was made 8 days later which was served on the Board on January 17, 1966. After a hearing before the Commission, it affirmed the award on June 29, 1966, which became final on July 19. On August 23, the Board's warrant was delivered to the employee's counsel and three days later a petition for penalty under section 19(k) was filed and heard instanter, and the Commission on October 7 entered its decision directing payment of the award and assessing a 50% penalty. The circuit court of Cook County affirmed the Commission on March 31.

Section 19(k) of the Workmen's Compensation Act reads: "In case where there has been any unreasonable or vexatious delay of payment or intentional underpayment of compensation, or proceedings have been instituted or carried on by the one liable to pay the compensation, which do not present a real controversy, but are merely frivolous or

for delay, then the Commission may award compensation additional to that otherwise payable under this Act equal to 50% of the amount payable at the time of such award. Failure to pay compensation in accordance with the provision of Section 8, paragraph (b) of this Act, shall be considered unreasonable delay." (Par. 138.19(k).) Section 8(b) of the Act does not apply since it refers only to failure to pay at stipulated intervals.

The employee's counsel in each case relies on *Board of Education of City of Chicago* v. *Industrial Com.* 351 Ill. 128. There, the injury occurred almost six years prior to the filing of the 19(k) petition and nearly three months elapsed after final disposition without any payment on the award. This contrasts with the less than 19 months between injury and final judgment and 23 days between final judgment and tender of the award in the Bledsoe case. In the Collins case approximately 26 months elapsed between the injury and final award (almost one year of which elapsed between the date of injury and the filing of a claim) and payment was made 34 days after the judgment became final.

"In determining whether such delay has been unreasonable or vexatious regard must be had to the circumstances attending the delay, the nature of the case and the relief demanded, and also to the question whether the rights of the claimant have been prejudiced by that delay." (351 Ill. 128, 132.) The court further said that in view of the failure to pay for about 90 days plus the lapse of nearly six years from the date of injury, it could not say that the Commission's finding was not justified.

The question of whether there has been an unreasonable or vexatious delay is one of fact and, as with other questions of fact, the Commission's findings will not be disturbed unless they are against the manifest weight of the evidence. The record fails to show the defense to be frivolous or for the purpose of delay. Therefore, to invoke the penalty provision of section 19(k) the Commission had to

find the delay to be *per se* unreasonable since there was no additional evidence to support the 19(k) petition. We think it unnecessary to advert to the fact that the Board's warrants can issue only after due authorization, or that the first meeting after finality of the judgments was not until August 10, 1966, or the excluded evidence of the Board's financial agent as to the procedures involved in the physical processing of expenditures to decide these cases. The time consumed from filing to final judgment was from our experience about the same as, or even shorter, than the usual contested compensation case. The time for payment must, of course, be computed from the date of finality.

While we do not condone unnecessary delay in payment, we cannot say that the delay in these cases was such as to justify a finding of unreasonable or vexatious delay. It is impractical to set a definite time limitation for payment. As was said in the earlier *Board of Education* case: "* * * where all legal proceedings have been exhausted and a considerable time has been permitted to elapse thereafter during which the award is not paid, it is incumbent upon the one liable to pay the same to excuse the delay." (351 Ill. 128, 132.) The finding of the Commission that the delay in tender was so unreasonable as to justify the application of the sanction of a 50% penalty award is, in our opinion, against the manifest weight of the evidence. We think, however, that employers in compensation cases would be well advised to make payment of awards as soon as practicable to avoid this question and the possible application of sanctions.

Counsel's refusal to accept tender of the amount of the original award on the ground that interest and costs were not included in the tender is without merit. It has long been held the circuit court is without authority to tax interest and costs in proceedings to review awards of the Commission. *Nierman* v. *Industrial Com.*, 329 Ill. 623; *Crowder Seed Co.* v. *Industrial Com.* 347 Ill. 86.

172

The judgments of the circuit court of Cook County confirming the penalty awards of the Industrial Commission are reversed.

*Judgments reversed.*