(No. 11582.—Reversed and remanded.)
M. J. McMurray, Admr., Defendant in Error, *vs.* The
Peabody Coal Company, Plaintiff in Error.

*Opinion filed December 19, 1917.*

1. Appeals and errors—*Supreme Court will interfere where the trial court's discretion in denying motion to set aside default is abused.* A motion to set aside a default and for leave to plead to the merits is addressed to the sound legal discretion of the trial court, but the Supreme Court will interfere where it is made to appear that there has been an abuse of the trial court's discretion in denying such motion and that the party filing the motion has a meritorious defense to the entering of the judgment.

2. Workmen's compensation—*when circuit court cannot review decision of Industrial Board.* Upon the filing in the circuit court of a certified copy of the decision of the Industrial Board under section 19 of the Workmen's Compensation act of 1913, the circuit court is not authorized to review the decision of the Industrial Board but will enter judgment on the award upon a showing being made that the requirements of the statute have been complied with.

3. Same—*when circuit court should allow motion to set aside judgment by default.* Where the circuit court, under section 19 of the Workmen's Compensation act of 1913, has entered a judgment on the decision of the Industrial Board while the attorneys for the defendant, for a proper reason, were absent from court, a motion to set aside the default and for leave to plead to the merits should be allowed upon a showing by affidavits that the defendant has a meritorious defense to the application.

4. Same—*purpose of section 19 of act of 1913 authorizing attorney's fees for entering judgment in circuit court.* The purpose of the provision of section 19 of the Workmen's Compensation act of 1913 authorizing attorney's fees for entering judgment in the circuit court on an award of the Industrial Board is to allow such fees only in cases where the defendant has refused to pay the compensation and the claimant must incur further expense and delay by being forced to reduce the award to judgment to compel payment.

5. Same—*award draws interest at five per cent up to entry of judgment.* Where judgment is entered on an award made under the Workmen's Compensation act, the court, under section 3 of the Interest act, should allow interest at the rate of five per cent from the time the award is made and make the same a part of the judgment.

6. Practice—*counsel may rely upon announcements of court.* Counsel have a right to rely upon the announcements of the court

as to the time when orders will be entered, to the same extent that they may rely upon the rules of court.

7. Same—*courts should be liberal in setting aside defaults at the term entered.* The courts should be liberal in setting aside defaults at the term at which they are entered, where it appears that justice will be promoted thereby.

Writ of Error to the Circuit Court of Montgomery county; the Hon. William B. Wright, Judge, presiding.

Hill & Bullington, (E. H. Hicks, of counsel,) for plaintiff in error.

Paul McWilliams, for defendant in error.

Mr. Justice Duncan delivered the opinion of the court:

Defendant in error, M. J. McMurray, administrator of the estate of Vincent Owasne, deceased, obtained a judgment against plaintiff in error at the April term, 1917, of the circuit court of Montgomery county on an award for compensation allowed by the Industrial Board under the provisions of the Workmen's Compensation act of 1913. Plaintiff in error moved to vacate the judgment and for leave to file an answer and to defend the suit upon the merits, but the circuit court denied the motion, and plaintiff in error brings the record here for review on a writ of error issued out of this court on a certificate of the trial judge that in his opinion the case is one proper to be reviewed by this court.

The claim for compensation is based on an injury received by the deceased September 22, 1914, which resulted in his death. The claim was heard before an arbitrator, who found that defendant in error was entitled to receive from plaintiff in error $5.04 per week for 415 weeks and $4.40 for one week, and that $499.92 thereof had accrued from the death of the deceased. The decision of the arbitrator was filed with the Industrial Board August 16, 1916,

and the board entered of record the decision of the arbitrator as the decision of the board, no petition for review having been filed. Defendant in error subsequently filed with the Industrial Board a petition for a lump-sum settlement, according to the provisions of section 9 of the Workmen's Compensation act of 1913. The prayer of the petition was granted December 29, 1916, and plaintiff in error was ordered to pay $1967.94 in a lump sum. On January 6, 1917, plaintiff in error filed with the Industrial Board its rejection of said lump-sum award, as it was authorized to do by said section 9 if said lump-sum award was not satisfactory to it. On January 23, 1917, defendant in error gave notice that on February 10, 1917, he would make application to the circuit court for judgment on said lump-sum award. Thereafter defendant in error gave notice that he would apply to the circuit court for judgment on the award of the Industrial Board on February 17, 1917; afterwards, that he would apply for such judgment to said court on March 10, 1917; and still later gave a fourth notice that he would apply to said court at nine o'clock A. M. on April 4, 1917, for such judgment. No one of the last three notices above mentioned stated definitely whether the judgment would be sought by defendant in error in the circuit court on the lump-sum award or on the first award of the Industrial Board. The circuit court convened at nine o'clock A. M. on April 4, 1917, and at once, and on said application of defendant in error, in the absence of plaintiff in error's counsel, considered the application for judgment, and found that defendant in error was entitled to receive the $499.92, with interest thereon from August 16, 1916, amounting to $15.84, and that the unpaid installments on said award to date of the judgment amounted to $166.32. The court then gave judgment, by which it ordered plaintiff in error to pay to defendant in error $682.08, together with $200 attorney's fees to be taxed as costs, and that it pay the defendant in error the further sum of $1429.76 in in-

stallments, at the rate of $5.04 per week, beginning April 11, 1917, and continuing for a period of 283 weeks, and that it then pay the further sum of $3.44 one week after the expiration of the last mentioned period. The judgment provided for execution against plaintiff in error for $682.08 and $200 attorney's fees, and further provided that as often as plaintiff in error should make default in the payment of any of the installments, execution should issue for such installment after the same became due. On the same day, April 4, 1917, and within less than one hour after the judgment was entered, plaintiff in error filed its motion in said court to vacate the judgment and for leave to answer the petition and to defend the same upon its merits. The motion was supported by an affidavit of one of the attorneys for plaintiff in error setting forth the following alleged facts, in substance: That on December 29, 1916, the Industrial Board made a lump-sum award to defendant in error in the sum of $1967.94; that notice of said lump-sum award was received by plaintiff in error December 30, 1916, and that on January 6, 1917, it filed its rejection of said lump-sum award; that plaintiff in error has never denied or refused payment of compensation in bi-monthly installments or in any other manner except in a lump sum, and that it stood ready and willing at that time, and has since the finding of the arbitrator been ready, able and willing, to continue the payments bi-monthly or weekly until said total sum should be fully paid. It is then set forth in the affidavit that defendant in error gave to plaintiff in error said four notices that he would appear before the court on the days and hours therein mentioned and ask for judgment in accordance with the notices therein specified, and copies of the notices are made part of the affidavit and filed therewith as exhibits to the same. The motion and the affidavit further set forth that on each and every occasion or date mentioned in said notices for the applications for judgment, except that mentioned in the last notice aforesaid, defendant

in error failed to appear and ask for judgment in accordance with his notice, and did not at any of said times have said cause docketed in said court until nine o'clock A. M. of April 4, 1917, the very hour named in said last notice for the application for judgment; that on one or more of those occasions the attorneys for plaintiff in error went before the Hon. Thomas M. Jett, the then presiding judge, and informed the court of their receipt of the aforesaid notices, and requested the court to call the attention of said attorneys to the filing of said petition and application for orders thereon, if the same should be filed by defendant in error; that said court informed said attorneys that he would do so; that when said court adjourned to convene again on April 4, 1917, the court at the time of the said adjournment announced that no orders would be taken in any case until ten o'clock in the morning of April 4, 1917; that there was no entry on the docket of this case until the hour and minute of the taking of said judgment, and no opportunity was given to have counsel noted on the docket as appearing for plaintiff in error, so that the rule with reference to defaults in said court might be invoked; that counsel for claimant has already been allowed the sum of $196.94 as attorney's fees for obtaining said award by the Industrial Board; that plaintiff in error can produce evidence to show that defendant in error has refused to accept compensation in this case otherwise than in a lump sum; and that plaintiff in error has a meritorious defense to said petition, especially as to the amount of attorney's fees allowed by said court, because if it had been known to plaintiff in error that defendant in error was only asking for the sum due upon said award in weekly installments the same would have been paid to him. No counter-affidavits were filed in opposition to said motion. The motion also challenges the constitutionality of the section of the Workmen's Compensation act allowing attorney's fees in any event.

The general rule in regard to vacation of judgments is
that a motion to set aside a default and for leave to plead
to the merits is addressed to the sound legal discretion of
the trial court, but if there is an abuse of such discretion-
ary authority this court will interfere on appeal.   (*Culver
v. Brinkerhoff*, 180 Ill. 548.)   The motion to vacate, and
the affidavit supporting the same, must show to this court
such abuse of discretion.   It must also be made to appear
therefrom that the party filing the motion has a meritorious
defense to the entering of the judgment or some portion
thereof, and the motion and affidavits in support thereof
are construed most strongly against the party making the
application.   *Eggleston* v. *Royal Trust Co.* 205 Ill. 170.

There was no showing made, and none was attempted,
that the decision of the Industrial Board as confirmed by
the court was not proper.   Such a showing would not have
been proper anyhow, as the circuit court is without juris-
diction to review the action of said board when a certified
copy of the decision of said board is filed in accordance
with the statute to obtain judgment.   The court is only au-
thorized to enter a judgment upon a showing being made
that the requirements of the statute have been met.   (*Peo-
ple* v. *McGoorty*, 270 Ill. 610; *Fitt* v. *Central Illinois Pub-
lic Service Co.* 273 id. 617; *Bernstein* v. *Brothman*, 275
id. 290.)   If the facts set forth in the motion and affidavit
are true,—and we must assume that they are true as no
counter-affidavits were filed,—it does appear that plaintiff
in error has a meritorious defense to that part of the judg-
ment which awards $200 for attorney's fees and which or-
ders the same taxed as costs against plaintiff in error.

Paragraph (*g*) of section 19 of the Workmen's Com-
pensation act of 1913 among other things provides: "Either
party may present a certified copy of the decision of the
Industrial Board, when no proceedings for review thereof
have been taken, or of the decision of such arbitrator or
committee of arbitration when no claim for review is made,

or of the decision of the Industrial Board after hearing upon review, providing for the payment of compensation according to this act, to the circuit court of the county in which such accident occurred or either of the parties are residents, whereupon such court shall render a judgment in accordance therewith; and in cases where the employer does not institute proceedings for review of the decision of the Industrial Board and refuses to pay compensation according to the award upon which such judgment is entered, the court shall, in entering judgment thereon, tax as costs against him the reasonable costs and attorney's fees in the arbitration proceedings and in the court entering the judgment, for the person in whose favor the judgment is entered, which judgment and costs, taxed as herein provided shall, until and unless set aside, have the same effect as though duly rendered in an action duly tried and determined by said court, and shall, with like effect, be entered and docketed. The circuit court shall have power, at any time, upon application, to make any such judgment conform to any modification required by any subsequent decision of the Supreme Court upon appeal, or as the result of any subsequent proceedings for review, as provided in this act."

From the foregoing paragraph it clearly appears that if the arbitrator and the Industrial Board render a decision in favor of a claimant and no review is petitioned for or had by the party paying the compensation, the statute gives no authority to allow an attorney's fee to be taxed against the party paying the compensation unless said party refuses to pay the compensation, or some installment thereof, when it becomes due. In the first notice for judgment on the award of the Industrial Board it is clearly made to appear that the application for judgment was to be made as to the lump-sum award. On that notice plaintiff in error had a right to assume that it had a just defense against such a judgment, since the Industrial Board's lump-sum award had

become a nullity by reason of plaintiff in error's rejection thereof under section 9 of said act. The subsequent notices do not show upon their face that such a claim was to be presented to the circuit court, but they do not specifically state that the application would not be for a lump-sum judgment. The affidavit states that defendant in error had refused to accept weekly payments as awarded by the Industrial Board, or any other payments except the lump-sum award. Plaintiff in error was therefore warranted in the belief that the final application for judgment would be on the lump-sum award. Under the foregoing facts and the other facts recited in the affidavit defendant in error was responsible for plaintiff in error's refusal to pay said installments as they became due, and, in fact, rendered it impossible for it to pay defendant in error the installments. The case was not docketed until within a few minutes of the entry of such judgment, and for that reason there was no proceeding in said case or application for judgment to which plaintiff in error could be expected to reply or make defense until the very minute and hour of the application for judgment. The court had just previously been adjourned by Judge Jett to the hour of said application for judgment, and he had promised plaintiff in error's attorney that no action would be taken in such proceeding without actual notice to him. Judge Jett's action in that regard was warranted by the delay or failure of defendant in error upon three former occasions to make application for judgment at the times he had given notice that he would make application and in not having the case docketed, as he should have done. A different judge entered the judgment notwithstanding the foregoing facts, and notwithstanding the further fact that it was stated to plaintiff in error by Judge Jett that no order would be entered in any case before ten o'clock of April 4, 1917. The application to set aside the judgment was very promptly made by plaintiff in error.

281 — 15

We think plaintiff in error has in this case shown a reasonable excuse for not being in court at the time judgment was entered; that it had a meritorious defense and used due diligence in presenting its motion, and that there was an abuse of discretion in the court's not allowing the motion and setting aside the judgment. Its counsel had the right to rely upon the announcements of the court to the same extent that they may rely upon the rules of court. It has been the long and well established practice in this State for courts to be liberal in setting aside defaults at the term at which they are entered, where it appears that justice will be promoted thereby. (*Mason* v. *McNamara,* 57 Ill. 274.) The plain and evident purpose of the statute in question is to allow attorney's fees for entering judgment only in cases wherein the claimant is compelled to incur further expense and delay by reason of being forced to reduce the decision of the Industrial Board to judgment to compel payment thereof. Plaintiff in error, under its showing, was entitled to have an opportunity to make a defense as to the allowance of attorney's fees.

The question of the constitutionality of the section allowing attorney's fees to be taxed was not argued by plaintiff in error, and no decisions or authority of any kind are cited in support of the position that the act is unconstitutional. This point is therefore waived by plaintiff in error and will not be further considered.

The court committed no reversible error in the allowance of interest on the award. Defendant in error is legally entitled to interest at the rate of five per cent per annum on the award, and each past due installment thereof, from the time the same became due and payable under the provisions of the award. Section 3 of our statute on interest provides: "When judgment is entered upon any award, report or verdict, interest shall be computed at the rate aforesaid, from the time when made or rendered to the time of rendering

judgment upon the same, and made a part of the judgment."
(Hurd's Stat. 1916, p. 1580.)

For the reasons aforesaid the judgment of the circuit
court is reversed, with directions to permit plaintiff in er-
ror to make its defense against the allowance of attorney's
fees, if any it has.

*Reversed and remanded, with directions.*