(No. 19386.— )
JOHN E. HOGAN *et al.* Defendants in Error, *vs.* HENRY ERMOVICK, Plaintiff in Error.

*Opinion filed April 20, 1929—Rehearing denied June 7, 1929.*

LESLIE J. TAYLOR, EDWARD E. ADAMS, and C. E. FLESHER, for plaintiff in error.

JOHN E. HOGAN, LEAL W. REESE, and JOHN W. COALE, for defendants in error.

Mr. JUSTICE HEARD delivered the opinion of the court:

This court awarded a writ of *certiorari* to review a judgment of the Appellate Court for the Third District affirming a judgment of the circuit court of Christian county in favor of defendants in error, a firm of lawyers, against plaintiff in error, Henry Ermovick.

The suit was in assumpsit for legal fees, and the declaration filed was accompanied by an affidavit of claim stating the amount of the claim to be $2500. The November, 1928, term, to which the summons was returnable, began

on Monday, November 28, 1928. On November 29, prior to 8:35 o'clock, plaintiff in error was called and defaulted, and as the court was in the act of entering judgment, counsel for plaintiff in error appeared in court and entered his motion to set aside the default and for leave to plead. Thereafter, and before judgment was entered, plaintiff in error filed his written motion, accompanied by affidavits, to set aside the default and for leave to plead. The motion was denied and judgment entered upon the affidavit of claim. Thereafter, at the same term of court, plaintiff in error filed his motion, supported by affidavit, to vacate the judgment and for leave to plead, or, in the alternative, to be heard on the question of damages. This motion was overruled and plaintiff in error brings the case here by writ of error, assigning as error the overruling of these motions and the entry of judgment.

While the affidavits filed by plaintiff in error are inartistically drawn, accepting them as true, as we must, he had *prima facie* a defense to a part of the claim of defendants in error. He was served with process of summons on November 14 and prior to the commencement of the term of court consulted Henry Miller, an attorney at Nokomis, with reference to the suit. Miller advised him that he would look into the matter and advise him about the case and its defense. At 8:30 o'clock P. M., November 28, Miller informed him by telephone that he could not go to Taylorville, the county seat, to look after the case and that he must employ counsel to prevent a default. Plaintiff in error resided at Pana, seventeen miles from Taylorville. November 29 he went to Taylorville and went to the office of Leslie J. Taylor, an attorney, about 8:00 o'clock A. M., for the purpose of retaining him to appear in the case. Not finding Taylor in his office he went to the circuit court room but found no one there. He returned to Taylor's office and found him there about 8:25 o'clock. Taylor agreed to enter his appearance and obtain an extension of time in which

to plead. Taylor immediately went to the court room and asked for an extension of time to plead and was informed by the court that default had been entered. At that time the judge was entering the default on his docket but had not completed the entry of the judgment. Plaintiff in error had been advised that court usually convened at 9:00 o'clock A. M. On November 28 the court was adjourned until 8:30 o'clock A. M., November 29, for the purpose of setting the trial docket for the following week. Taylor's appearance was entered on the docket at 8:35 o'clock. After plaintiff in error's motion to set aside the default and for leave to plead had been overruled, judgment was entered immediately, without notice to either plaintiff in error or Taylor. To require a defendant to be three times solemnly called in open court before default, and then to refuse to set aside the default and give leave to plead when the defendant, who makes a showing of a meritorious defense, appears in court before the judge has time to complete the entry of judgment upon his minutes, would be a travesty on justice. While it is highly commendable to dispose of causes with celerity and dispatch it is more important that justice be done, and where for any good reason a defendant has been unable to present his defense, a court of law will set aside a judgment obtained *ex parte* and order a new trial. *McMurray* v. *Peabody Coal Co.* 281 Ill. 218; *City of Moline* v. *Chicago, Burlington and Quincy Railroad Co.* 262 id. 52; *Mason* v. *McNamara,* 57 id. 274.

The judgments of the Appellate and circuit courts are reversed and the cause remanded to the circuit court, with directions to open the judgment to allow plaintiff in error to plead, the judgment to stand as security.

*Reversed and remanded, with directions.*