(No. 28263.—)
F. A. ORTMAN *vs.* AGNES H. KANE, Conservatrix, *et al.,* Appellants.—(E. J. GABLE *et al.,* Appellees.)

*Opinion filed March 21, 1945.*

Adsit, Thompson & Herr, of Pontiac, for appellants.

Stevens R. Baker, of Pontiac, (Morgan, Pendarvis & Morgan, of Peoria, of counsel,) for appellees.

Mr. Justice Wilson delivered the opinion of the court:

This is an appeal from a decree of the circuit court of Livingston county. The action grows out of a contract for the sale of a farm, entered into on June 5, 1943, between Mildred Kavanaugh and E. J. Gable and Lydia F. Gable, his wife. The purchase price was $25,000. The contract recited the payment of $2500 cash, and that the balance was to be paid on or before August 1, 1943. It provided that if the Gables should first make the payments and perform the covenants by the contract to be performed by them, that Mildred Kavanaugh would convey to them the premises described therein. By the contract, Mildred Kavanaugh was obligated to pay the 1942 taxes. She was also obligated to pay the interest on a first mortgage on the premises to September 1, 1943, and the interest on a junior mortgage to the date of payment.

The obligation of the Gables to pay the purchase price was stated in the contract in the following language: "That said second party [the Gables] hereby covenants and agrees to pay to said party of the first part [Mildred Kavanaugh] for said premises, the sum of Twenty-five thousand and No/100 Dollars in the manner following: Twenty-five hundred Dollars and No/100 cents cash in hand, upon the

execution of this agreement, receipt whereof is hereby acknowledged; the remainder in cash on or before August 1, 1943, and on the receipt of the deed as herein provided and furnishing of a mechantable title in said first party."

At the time the contract was executed, Mildred Kavanaugh also executed a warranty deed conveying the premises to the Gables. With reference to this deed, the contract recited that the deed was executed in accordance with the contract "and delivered to F. A. Ortman, Pontiac, Illinois, together with a copy of this contract. Said deed to be held by the said F. A. Ortman in escrow and delivered to the second party [the Gables] upon full compliance by said second party with the provisions of this contract." The deed was delivered to Ortman. There were no further provisions in the contract with reference to the terms or agreement under which the deed was delivered to Ortman, or giving to him any other powers concerning the holding or the delivery of the deed, or in connection with the transaction, in any manner, except, upon the default of the Gables, he was to surrender all papers, including the deed, to Mildred Kavanaugh.

On July 7, 1943, Mildred Kavanaugh was adjudged an incompetent by the probate court of Livingston county. Agnes H. Kane, her mother, was appointed as her conservatrix and qualified as such.

On July 29, 1943, E. J. Gable and Lydia F. Gable served a notice on Ortman. After referring to the contract, the notice recited "that we will, on Saturday, July 31, 1943, tender to you, as such escrow holder, the balance due on said purchase price and shall request from you the delivery of said deed, and further that you pay, out of said purchase price so paid by us, the 1942 taxes on said premises, and the balance due on the mortgage encumbrances on said premises in accordance with said contract." On the same day the Gables served a notice on

Agnes H. Kane, which was addressed to her "as conservator for Mildred Kavanaugh." This notice, after referring to the contract of June 5, and the deed then in the possession of Ortman, stated: "You are further notified that we are going to fully comply with our terms of said contract and will pay to F. A. Ortman as such escrow holder, the balance due upon said purchase price on Saturday, July 31, A. D. 1943, and demand from him the said deed so held in escrow, and further request him to pay, out of the money to be paid to him, the 1942 taxes on said premises, and the balance due on the mortgage encumbrances on said premises, in accordance with the terms of said contract."

On July 30, 1943, Agnes H. Kane, as conservatrix for Mildred Kavanaugh, served a notice on Ortman. In this notice, after referring to the notice served on her by the Gables, it was stated, "You are further notified that I am advised by the said E. J. Gable and Lydia F. Gable, that they intend, on July 31, 1943, to make certain payments to you, which they claim to be in compliance with said alleged contract, and demand from you the delivery of said deed; and I notify you that under the terms of said alleged and pretended contract no authority is given to you, as escrowee, to accept the purchase price, or any part thereof for said Mildred Kavanaugh. I further notify you that the said Mildred Kavanaugh on, to-wit: June 5, 1943, was then legally incompetent to execute said contract for sale, said deed and said escrow agreement, and that no effect should be given to the alleged contract of the said Mildred Kavanaugh now and then legally incompetent. For the reasons above stated, I demand that you refuse to deliver said deed to the said E. J. Gable and Lydia F. Gable."

On August 9, 1943, Ortman filed this suit. By the complaint he alleged the making of the contract between Mildred Kavanaugh and the Gables on June 5, 1943; the

appointment of the conservatrix of Mildred Kavanaugh on July 7, 1943; the giving of the notice by the Gables to Ortman on July 29, 1943, and the notice given by Agnes H. Kane to Ortman on July 30, 1943. By paragraph six of the complaint, he alleged that on July 31, 1943, the Gables tendered to him the sum of $25,000 and demanded that he deliver the deed; that out of said tender, he pay the mortgage indebtedness, including interest to September 1, 1943; that he pay the 1942 taxes; and that he pay the balance, after placing the revenue stamps on the deed, to Agnes H. Kane, as conservatrix. The prayer of the complaint was for judgment whether he should deliver said deed and pay out of said tender the mortgage encumbrances, with interest, and the 1942 taxes, and place revenue stamps on said deed, and pay the balance to Agnes H. Kane, as conservatrix, or whether he should return said tender to the Gables and the deed to Mildred Kavanaugh or to her conservatrix. Copies of the contract, the deed, the notice of July 29, 1943, served on Ortman by the Gables, and the notice of July 30, 1943, served on Ortman by Agnes H. Kane, the conservatrix, were attached to and made a part of the complaint by reference. Mildred Kavanaugh and her conservatrix and the Gables were named as defendants in the complaint.

The Gables filed an answer admitting all of the allegations of the complaint. They also filed a counterclaim which, by reference, included and adopted all the allegations in the complaint. They then alleged the giving of the notice to Ortman on July 29, 1943; that Mildred Kavanaugh had not been adjudged an incompetent at the time the contract was entered into; that the contract was fairly entered into and was fair and equitable and that the consideration agreed to be paid for said property was adequate. They then alleged: "That counterclaimants have always been ready to comply with the terms of said contract; that they have done everything possible on their

part, to carry out the contract; that the Conservator has refused, and still refuses, to consent that the escrow holder deliver the deed; and that the terms of the contract be performed." They asked for a decree for the specific performance of the contract; that Ortman pay the 1942 taxes, and for the revenue stamps on the deed. There was attached to the counterclaim a copy of the notice served by the Gables on Agnes H. Kane as conservatrix, on July 29, 1943, which was made a part of the counterclaim by reference. No tender of the payment of the purchase price was made by the counterclaim.

The conservatrix and Mildred Kavanaugh, by her conservatrix, filed a joint answer to the complaint. By this answer they admitted all of the allegations in the complaint except paragraph 6, which alleged the tender to Ortman by the Gables of the sum of $25,000 on July 31, 1943. As to that paragraph they alleged under oath, that they were without sufficient knowledge to make answer. They also filed an answer to the counterclaim in which they admitted the service of the notice on July 29, 1943, by the Gables on Ortman, and the notice of July 30, 1943, served on Ortman by the conservatrix. They denied the other averments in the counterclaim and specifically alleged "that counterclaimants are in default for failure to tender to Mildred Kavanaugh, or her Conservator, the balance of the purchase price of the land in accordance with the terms, and within the time limited by the alleged contract, and, by reason thereof, can take nothing in this suit." The answer to the counterclaim then alleged that on June 5, 1943, when the contract was entered into, the land was of the value of $31,000 and upwards; that Mildred Kavanaugh was mentally incompetent to execute a contract; that the contract was unjust, inequitable and unfair. They offered to abide by any order of the court as to the money paid to Mildred Kavanaugh at the time the contract was

executed, upon the cancellation of the contract and the cancellation or return of the deed.

To the answer of the conservatrix and Mildred Kavanaugh to the counterclaim, the Gables filed a reply. By this reply they denied that they were in default for failure to tender the purchase price to Mildred Kavanaugh or her conservatrix. They also denied the averments in the answer as to the mental condition of Mildred Kavanaugh and as to the value of the land. Later they filed an amendment to this reply. By the amendment they alleged that a tender was waived by the service of the notice by the conservatrix on Ortman, on July 30, 1943.

An order was entered directing that the issue as to the mental capacity of Mildred Kavanaugh be tried by a jury. A jury was impanelled to which that issue was submitted. A large volume of testimony was taken, all of which related to the mental condition of Mildred Kavanaugh at the date of the contract, and on the question of the value of the farm involved. The jury returned a verdict finding Mildred Kavanaugh competent on the date the contract was entered into.

The court entered a decree upon the pleadings, the verdict of the jury, and the evidence taken before the court and jury. By the decree the court found that Mildred Kavanaugh was competent at the time she signed the contract and deed. The decree further found that the giving of the notice on July 30, 1943, to Ortman, by Agnes H. Kane, waived any tender to her as such conservatrix, of the payment of the purchase price. By the next paragraph of the decree, the court found that on July 31, 1943, the Gables "tendered and delivered to F. A. Ortman the balance of the purchase price, and that the counterclaimants have at all times been ready and willing to perform the contract on their part." The decree ordered Ortman to accept the tender and deliver the deed; that he pay from

the purchase price for the revenue stamps on the deed; that he pay the principal amounts due on the mortgage encumbrances on the land, and all interest thereon; that he obtain and record releases of said mortgages and cause the same to be shown on the abstract of title. From that decree this appeal was perfected by Agnes H. Kane, as conservatrix, and by Mildred Kavanaugh, by her conservatrix. A freehold is necessarily involved. (*Jones* v. *Dove,* 382 Ill. 445; *Herrick* v. *Lain,* 375 Ill. 569.) The questions arising on the record are such that this detailed statement of the pleadings, and the facts admitted by the pleadings, has seemed necessary to a fair understanding of the issues to be determined.

It will thus be seen that the paramount issues in the case are two. First, whether the Gables placed themselves in a position to demand the performance of the contract and the delivery of the deed and, second, whether Mildred Kavanaugh was mentally competent to enter into the contract for sale and to execute the deed.

The contract obligated the Gables to pay to Mildred Kavanaugh the balance of the purchase price, amounting to $22,500, on or before August 1, 1943. Under this covenant the Gables were obligated to either pay, or tender payment, of the balance of the purchase price, to Mildred Kavanaugh, on or before that date. Notwithstanding the finding in the decree that a tender was made to Ortman on July 31, 1943, and notwithstanding the allegations in the original complaint and in the counterclaim that such tender was made, there is not one word of proof in the record even tending to support the allegations or the finding. In fact, it is not even contended that any such tender was made to Ortman at that time or at any other time. The nearest thing to a tender to Ortman was the notice served on him by the Gables on July 29, 1943. The language of that notice was, "that they will" on July 31, 1943, tender to him the balance due on the purchase price.

The notice of the same date, served by the Gables on the conservatrix, was that "We are going to fully comply with our terms of said contract and will pay to F. A. Ortman, as such escrow holder, the balance due upon said purchase price on Saturday, July 31, A. D. 1943." The giving of these notices is admitted by the pleadings. The notices, however, fall far short of a tender. There is no rule of law giving to a notice of an intended tender the force and effect of an actual tender. (*Stone* v. *Billings,* 167 Ill. 170.) There is, therefore, nothing in this record which even tends to show that a tender was made.

Even if a valid tender had been made to Ortman, it would not be sufficient. Ortman had no authority under the contract to accept the balance of the purchase money or to do anything else in connection with the transaction except deliver the deed after the contract had been complied with by the Gables. The depositary of an escrow is a special and not a general agent. His powers are limited to the conditions of the deposit. (*Chicago and Great Western Railroad Land Co.* v. *Peck,* 112 Ill. 408.) The cutodian of an instrument delivered in escrow is not the judge of whether the conditions have been performed. (*Hoig* v. *Adrian College,* 83 Ill. 267.) A tender to Ortman, therefore, in any event, would not have constituted a good tender of payment. The contract provided that the balance of the purchase price should be paid to Mildred Kavanaugh. There is nothing in the contract to indicate that this balance was to be paid to Ortman or to anyone else other than Mildred Kavanaugh. The contract did not authorize Ortman to receive the payment. Moreover, the notice of the intended tender was not in accordance with the contract. One of the conditions of the intended tender, according to the notice, was that Ortman should pay, out of the purchase price, the 1942 taxes. While the contract obligated Mildred Kavanaugh to pay the 1942 taxes, it did not authorize either Ortman or the Gables to

pay the same out of the purchase money. The contract was to be closed on August 1, 1943. The second installment of the 1942 taxes was not due until September 1, 1943. The promise of Mildred Kavanaugh to pay the 1942 taxes, obligated her to do so at any time before the taxes became delinquent on September 1. She did not, by the contract, authorize either Ortman or the Gables to deduct the amount of those taxes out of the purchase price.

The notice also injected into the intended tender the payment of the encumbrances on the land which neither Ortman nor the Gables were authorized to deduct from the purchase price. It is true that by the contract, Mildred Kavanaugh was obligated to pay the interest on the first mortgage to September 1, 1943, and the interest on the junior mortgage to the date of payment. The closing date of the contract was August 1, 1943. The contract clearly contemplated that the first mortgage would not be paid until September 1, 1943, which was undoubtedly its due date. Under the provisions of the contract, with reference to the first mortgage, Mildred Kavanaugh had until September 1, 1943, to pay that mortgage. She was obligated by the contract to pay the interest on it until that date. The notice of the intended tender to be made on July 31, 1943, specified that the tender would require Ortman to pay interest on the first mortgage to September 1, 1943. Obviously, if the mortgage was paid at the time the contract was to be closed, Mildred Kavanaugh would not owe any interest on the mortgage after that date. Yet the condition of the intended tender was that Ortman pay one month's interest on that mortgage, which Mildred Kavanaugh would not owe, and with the payment of which Ortman had nothing whatever to do. A tender, in order to be effectual, must be without conditions other than those specified in the contract between the parties. (*Pulsifer* v. *Shephard*, 36 Ill. 513.) The contract was wholly indefinite as to the time of payment of the taxes

and encumbrances. The court must take the contract as made by the parties. It cannot make a new contract for them or add anything to its provisions.

This brings us to the question of whether a tender was waived. This contention is based solely upon the notice served by the conservatrix on July 30, 1943, on Ortman. By this notice, she advised Ortman, first, that under the terms of the contract, no authority was given to him to accept the purchase price or any part thereof. As already observed, this was absolutely true. Second, the notice advised Ortman that the contract was invalid because, at the time it was entered into, Mildred Kavanaugh was an incompetent. It will be noted that this notice was not directed to the Gables or served upon them. It was directed only to Ortman, and was served on him, alone. It may be noted, in passing, that there is no proof in the record that the Gables ever saw this notice or knew of its existence until after August 1. But, be that as it may, the contract provided for the payment to be made to Mildred Kavanaugh and not to Ortman. It could be made only to her or to her conservatrix.

It is contended that the giving of this notice by the conservatrix constituted a waiver, on behalf of Mildred Kavanaugh, of a tender of compliance with the contract by the Gables. We think the rule that a conservator or guardian cannot waive any rights of the ward is so well settled that it may be said to be fundamental and elementary. Mildred Kavanaugh, having been lawfully adjudged an incompetent, was incapable of doing anything which would operate as a waiver or an estoppel. The powers of her conservatrix over the real estate belonging to the ward were confined to its leasing, maintenance and repair, under the direction of the court making the appointment. (*Heisen v. Heisen,* 145 Ill. 658.) Certainly the conservatrix could not lawfully enter into a contract for the sale of the ward's real estate. It is equally true that

the conservatrix could do nothing which would be binding on the ward in connection with the contract for the sale of the ward's real estate, entered into prior to the adjudication of her incompetency. Neither a guardian nor a conservator may do anything which will operate as a waiver or estoppel against the ward. (*Young* v. *Lorain*, 11 Ill. 625.) The same principle is announced in *McCartney* v. *Jacobs*, 288 Ill. 568; *Sippel* v. *Wolff*, 333 Ill. 284; *Cochran* v. *Cochran*, 277 Ill. 244; *Chicago, Rock Island and Pacific Railroad Co.* v. *Kennedy*, 70 Ill. 350; *Donlin* v. *Hettinger*, 57 Ill. 348; *Clark* v. *Thompson*, 47 Ill. 25; 25 Am. Jur. p. 66, sec. 101; 39 C. J. S., p. 114, sec. 73; 39 C. J. S., p. 174, sec. 99.

The notice, therefore, given by the conservatrix to Ortman on July 30, 1943, did not constitute a waiver of a tender of the performance of the contract and payment of the purchase price, either to Mildred Kavanaugh, or her conservatrix, on or before August 1, 1943. The finding that, by the giving of this notice, tender of payment and performance of the contract was waived cannot be sustained. The decree based on such finding was erroneous.

In view of this conclusion, it is unnecessary to consider any other questions involved in the case. Clearly, the Gables did not place themselves in a position to demand the performance of the contract and the delivery of the deed. By their answer to the counterclaim, Agnes H. Kane, as conservatrix, and Mildred Kavanaugh, by her conservatrix, offered, upon the cancellation of the contract, to comply with any order with respect to the payment of $2500 to Mildred Kavanaugh by E. J. and Lydia F. Gable, and, in particular, directing its repayment. Neither the conservatrix nor Mildred Kavanaugh, personally, is entitled to retain the initial payment of $2500. The ends of justice require that the amount named be refunded to the Gables.

The decree of the circuit court is reversed and the cause is remanded, with directions to enter a decree adjudging that, upon (1) cancellation of the contract and (2) either the cancellation of the warranty deed executed by Mildred Kavanaugh, as grantor, to E. J. and Lydia F. Gable, as grantees, or the return of the deed to the conservatrix, the sum of $2500 paid to Mildred Kavanaugh be repaid to E. J. and Lydia F. Gable.

*Reversed and remanded, with directions.*