**Edward O. Lehman and Helen R. Lehman, Plaintiff-Appellees, v. Raymond R. Arnold and Doris J. Arnold, Defendant-Appellants.**

Gen. No. 10,785.

Fourth District.

November 3, 1966.

Rehearing denied November 29, 1966.

W. R. Stewart, of Champaign, for appellants.

Sidney H. Dilks, and Pacey & Pacey, of Paxton, for appellees.

SMITH, J.

This is an attempt by the defendant-appellants to recover from the plaintiff-appellees a part of the attorney fees fixed and allowed by the court in a judgment by confession against them. The warrant of attorney authorized the entry of judgment at any time after the date of the note for principal, interest, and reasonable attorney fees. Pursuant to this authority, judgment was entered on August 23, 1965, for $11,518.23 principal, $20.82 interest, and $1,178.91 attorney fees totaling $12,717.96.

On September 21, 1965, defendants filed their motion to vacate and open up the judgment for the reason that it was taken before due date. This motion was never called up for hearing. On March 24, 1966, the judgment was paid in full and released of record. On March 28, 1966, the defendants filed a petition to fix attorney fees. Plaintiffs' attorneys answered denying that the fees originally fixed and allowed by the trial court were unreasonable or excessive, stated they were unwilling to accept less than the full amount allowed and admitted they had received $200 on account and $23 for costs advanced. The trial court treated the petition as one to open up the judgment and denied it. The defendants assert that their petition is based on CPA 72, Ill Rev Stats 1965, ch 110, § 72(1), and state that plaintiffs' attorneys were employed for the limited purpose of taking a security judgment only

126

and had the trial court known this, the fees would have been substantially less. We are at once confronted with procedural problems and whether or not CPA 72 is appropriate or proper.

█ We must first pause to consider what is properly before us. With this case we took a motion by the defendants to amend the record on appeal to include a further affidavit by one of the defendants and two letters. The hearing on the petition to fix fees was held on April 6. On April 7, plaintiffs' attorneys directed a letter to their own clients demanding the balance of their attorney fees. In a letter dated April 8, other attorneys for the plaintiffs suggested to the attorneys of the record that there be a diminution of fees as the original employment was for the limited purpose of a security judgment only. Defendants' additional affidavit incorporates these letters as a part thereof and certifies that they were mailed to Judge Simpkins some time during the week of April 11 with copies to opposing counsel. This was after the hearing on the motion and after the case was under advisement. This is a strange manner in which to make or preserve a record. In our judgment, these documents never did become a part of the trial court record, were not specifically mentioned in the praecipe for record and for aught that we know were never considered by the trial court. Since these documents never did become a part of the trial court record, the motion to amend the record in this court must be denied. We do not review matters which were neither filed in nor properly considered by the trial court.

█ CPA amalgamates into one petition the various types of relief available at common law under numerous writs and abolishes the distinction between suits at law and suits in equity. Since Ellman v. De Ruiter, 412 Ill 285, 106 NE2d 350, equitable principles have been applied to both the procedural and substantive aspects of

the petition. Elfman v. Evanston Bus Co., 27 Ill2d 609, 190 NE2d 348. It preserves the power of a court over its own judgment when the exercise of such power is necessary to prevent injustice. It is not, however, a blanket authority. In Stewart v. Monroe, 62 Ill App2d 414, 420, 211 NE2d 144, 147, it is said:

"In 23 ILP, Judgments § 165, it is said:

" 'Although it is the policy of the law to give the parties to an action every reasonable opportunity to present their cause of action or defense, a judgment imports solemnity and stability, and hence will not be lightly disturbed, and will be opened or set aside only for good cause. An order of vacation must have some basis for its entry.' "

"In Guth v. People, 402 Ill 286, 83 NE2d 590, the court held that the provisions of a writ of error coram nobis is limited and that it is not designed for the purpose of providing a means for general review of matters occurring in the trial court. Its purpose is to obtain relief from errors of fact of such character as would have prevented the entry of judgment. In Williams v. Pearson, 23 Ill2d 357, 177 NE2d 856, it is stated that the purpose of the petition is not to relieve a party from the consequence of his own mistake or negligence; and in City of Chicago v. Roth, 322 Ill App 696, 54 NE2d 657, it is held that such a petition may not be used as a substitute for an appeal."

 It is urged that the trial court would not have fixed the fees as he did had he known of the limited authority of plaintiffs' attorneys. This issue is not before us. The motion to vacate the judgment filed within 30 days did not mention it. The petition under CPA 72

does not mention it. It is clear from this record that the trial court followed the guidelines long established by the courts of this State for judgments by confession. The fees conform to the schedule of fees adopted by the Ford County Bar Association. Surely the term "reasonable fees" means the fees usually charged for like or similar services by lawyers in the area. Nothing in this record contravenes or disputes this principle. The record is silent as to what evidence the trial court heard in fixing the fees or what it knew or did not know about the extent of the employment. There is nothing in the record suggesting that the fees would have been less had the limited authority been known to the court nor that such was the established practice in Ford County. We cannot operate in a vacuum.

██ We would further note that the amount of the fees was known to the defendants when they filed their motion to vacate and for leave to plead. The attorney fees were not mentioned. The petition under CPA 72 mentions no fact which if known to the court would have precluded entry of the judgment. The issue now argued is notable for its absence from the pleadings. "A petition under section 72 of the Civil Practice Act is therefore the filing of a new action; and it is necessary, as in any civil case, that the petitioner allege and prove a right to the relief sought. . . ." Brockmeyer v. Duncan, 18 Ill2d 502, 505, 165 NE2d 294. There is neither proof nor allegations to support the position now taken by the petitioners. There is no showing of fraud or persuasive equitable reasons which misled or misguided the trial court in fixing fees originally nor were the defendants deprived of any defense through any action on the part of plaintiffs or their attorneys. CPA 72 is not available to raise the issue now argued. In our judgment, the issue might properly have been presented in the original motion to vacate

filed within 30 days had it been timely presented or raised.

Accordingly, the judgment must be and it is affirmed.

Affirmed.

TRAPP, P. J. and CRAVEN, J., concur.