WILLIE FRANKLIN, Plaintiff-Appellee, *v.* WELLCO COMPANY, Defendant-Appellant.

(No. 54860;

First District—May 4, 1972.

*Rehearing denied June 6, 1972.*

Aplon, Bennett, Alexander & Levine, of Chicago, for appellant.

Epstein, Wilsey & Kirsch, and Cohn, Cohn & Lambert, both of Chicago, for appellee.

Mr. JUSTICE DEMPSEY delivered the opinion of the court:

Willie Franklin, an employee of the Wellco Company, was injured three times during the course of his employment. He filed applications with the Industrial Commission of Illinois seeking compensation for his injuries. An arbitrator granted him awards totaling $6,579. Wellco did not file a petition to review the awards and they became final.

The compensation was not paid and the commission, as permitted by statute (Ill. Rev. Stat. 1967, ch. 48, par. 138.19(k)) increased the amount of the awards by 50 per cent ($3,289.50). Wellco did not appeal.

Payment of $9,868.50 was not forthcoming and Franklin turned to the Circuit Court pursuant to section 19(g) of the Workmen's Compensation Act (ch. 48, par. 138.19(g)) and obtained a judgment for that amount. The court fixed Franklin's attorney fees at $3,289.50 and the total judgment thus became twice the sum of the original awards.

After Wellco's bank account was garnisheed, it filed a petition under section 72 of the Civil Practice Act (Ill. Rev. Stat. 1969, ch. 110, par. 72) to vacate the judgment. Wellco alleged that its petition was filed promptly after learning of the judgment, that it had not received timely notice of the proceedings before the Industrial Commission or the court, and that it had meritorious defenses to Franklin's claims for compensation.

Franklin moved to strike the petition on the ground that the court was without jurisdiction to review the awards. The motion to strike was sustained and Wellco appealed to this court. It contends that the trial court had jurisdiction to consider the petition on its merits, and that it also had jurisdiction because it had allowed costs and attorney fees.

■■■ As noted, Wellco did not appeal the arbitrator's decision or the

penalty of the commission imposed. The jurisdiction which the Circuit Court exercises in workmen's compensation cases is a special statutory jurisdiction and a party desiring judicial review must comply with all the conditions prescribed. (*Moweaqua Coal Co. v. Industrial Commission* (1926), 322 Ill. 403, 153 N.E. 678.) Section 19(f) of the Workmen's Compensation Act (Ill. Rev. Stat. 1969, ch. 48, par. 138.19(f)) affords the exclusive means of appealing an award of the commission. An employer cannot have the award reviewed by filing an answer in an action brought by the employee under section 19(g) to enforce the award (*McCormick v. McDougal-Hartmann Co.*, 47 Ill.2d 340; *Gerish v. Feldman,* 381 Ill. 635) or by means of a petition under section 72 of the Civil Practice Act. A section 72 petition cannot cure the jurisdictional defect caused by not proceeding with an appeal in accordance with section 19(f). *Sears Roebuck and Co. v. Industrial Commission* (1971), (Ill.App.2d), 273 N.E.2d 725.

■■ The purpose of section 19(g) is to permit speedy judgment in cases where there has been a refusal to pay the award and a need to reduce the award to judgment to compel its payment. The statute delineates the powers of the court in such a situation. It declares that when a final award of the commission is presented to the court, "said court shall render a judgment in accordance therewith * * *." The court lacks the power to pass upon the merits of the claims upon which the award was based or to hear arguments in opposition to those claims. In the present case, the court would have exceeded its authority if it had entertained that part of Wellco's petition which sought to contest the awards. Insofar as Wellco's petition was addressed to the propriety and amount of the awards, the court properly denied the petition to vacate the judgment.

■ A further purpose of section 19(g) is to compensate a claimant who is compelled to incur additional expense by reason of the refusal to pay an award by allowing him court costs and attorney fees. (*McMurray v. Peabody Coal Co.* (1917), 281 Ill. 218, 118 N.E.29.) The statute empowers the court to tax "the reasonable costs and attorney fees in the arbitration proceedings and in the court entering the judgment." In entering the judgment in the instant case, the court taxed the costs of the proceedings against Wellco and allowed Franklin attorney fees. Inasmuch as the amount of these awards had been determined by the court itself, it had jurisdiction over this part of its judgment.

■■ A petition drawn under section 72 of the Practice Act was a proper vehicle to reach this judgment. Wellco's petition, however, made only an oblique reference to attorney fees; it merely stated "That it would be inequitable to allow an award of $13,000 to stand for relatively

minor injuries * * *." Ordinarily, the failure to bring the subject specifically to the attention of the trial court would preclude its consideration in this court. (*Lehman v. Arnold* (1966), 76 Ill.App.2d 124, 221 N.E.2d 331.) A section 72 petition is to be considered in the light of equitable principles. (*Elfman v. Evanston Bus Co.* (1963), 27 Ill.2d 609, 190 N.E.2d 348. *Larsh v. Green Gold Farms, Inc.* (1966), 68 Ill. App.2d 113, 214 N.E.2d 924.) Wellco's petition must be considered as a whole and it must be evaluated in connection with the statute which permits the granting of attorney fees where an Industrial Commission award remains unpaid. A major allegation in the petition was that Wellco was unaware of the proceedings before the commission and knew nothing of the awards until its bank account was garnisheed. The petition alleged that Wellco moved its plant and administrative offices shortly after Franklin was injured; six months later, its new plant and offices were destroyed by fire and 90 per cent of its administrative files and records were either destroyed or damaged beyond recognition; after the fire it had temporary office space for one month; subsequently, it leased space at another location on a month-to-month basis and, finally, it moved to a permanent address. It thus had five different addresses from the time of Franklin's injuries to the date of the judgment. The petition alleged that notices of the commission proceedings and the application for judgment were never received. Franklin's motion to strike admitted the truth of all Wellco's allegations. The statute states that reasonable attorney fees shall be taxed when the employer *refuses* to pay the awards. Accepting the accuracy of Wellco's averments, it follows that it could not have refused to pay something it knew nothing about. Under these circumstances, it would have been advisable for the court to have considered the broad base and equitable aspects of the petition and to have taken jurisdiction of that portion of it which was addressed to the propriety and size of the fee allowed Franklin's counsel.

The motion to strike should be denied and, after appropriate pleadings have been filed, a hearing should be held to determine if Wellco knew of the awards and refused to pay them; to determine if attorney fees are proper and, if so, to receive proof as to the reasonable amount of those fees. The judgment will be affirmed insofar as it pertained to the Industrial Commission's awards. The judgment awarding attorney fees will be reversed and the cause will be remanded for further proceedings not inconsistent with this opinion.

Affirmed in part, reversed in part and cause remanded.

McGLOON, P. J., and McNAMARA, J., concur.