(No. 45042.

RODOLFO M. SANCHEZ, Appellant, v. THE INDUSTRIAL COMMISSION *et al.*—(Ford Motor Company, Appellee.)

*Opinion filed January 26, 1973.*

GOLDENHERSH, J., took no part.

J. MICHAEL MADDA, of Chicago (JOHN E. FLA-VIN, of counsel), for appellant.

PERZ AND McGUIRE, of Chicago (FRANK M. PERZ and JAMES C. SERKLAND, of counsel), for appellee.

MR. JUSTICE DAVIS delivered the opinion of the court:

This appeal from the judgment of the circuit court of Cook County presents the single question of whether the employee was entitled to a penalty of 50% on the award given him by the Industrial Commission, as provided under section 19(k) of the Workmen's Compensation Act (Ill. Rev. Stat. 1967, ch. 48, par. 138.19(k)). There is no dispute on the facts or the law relating to the award made by the arbitrator, which was confirmed on review by the Commission. The pertinent statutory provisions are found in sections 19(k) and 8(b)5, which provide:

> "In case where there has been any unreasonable or vexatious delay of payment or intentional underpayment of compensation, or proceedings have been instituted or carried on by the one liable to pay the compensation, which do not present a real controversy, but are merely frivolous or for delay, then the Commission may award compensation additional to that otherwise payable under this Act equal to 50% of the amount payable at the time of such award. Failure to pay compensation in accordance with the provisions of Section 8, paragraph (b) of this Act, shall be considered unreasonable delay." Par. 138.19(k).

> "All compensation provided for in this Section, other than in case of pension for life, shall be paid in installments at the same intervals at which the wages or earnings of the employee were paid at the time of the accident. If this shall not be feasible, then the installments shall be paid weekly; all payments of compensation to be made not later than 2 weeks after the interval for which compensation is payable." Ill. Rev. Stat. 1967, ch. 48, par. 138.8(b)5.

Section 8(b), however, applies only to failure to pay at

stipulated intervals. *Board of Education v. Industrial Com. (1968), 39 Ill.2d 167, 170.*

The employee, Rodolfo M. Sanchez, was injured during the course of his employment by Ford Motor Co., on November 30, 1967, and filed an application for adjustment of claim on January 22, 1968. He returned to work on December 1, 1969, and on February 21, 1970, was examined by his doctor for the purpose of determining the extent of his disability.

A hearing was held before an arbitrator on July 10, 1970, at which it was stipulated that the employee was 36 years of age at the time of his injury, was married, and had two minor children; that the employer had paid $5,076.43 on account of the injury; and that no additional temporary compensation was claimed. At the conclusion of the hearing, the arbitrator awarded him compensation for 64 weeks of temporary total incapacity for work at $69 per week, or $4,416, against which the employer had already paid $5,067.43, and awarded an additional 193¾ weeks for the permanent and complete loss of use of the right foot to the extent of 80% thereof, and of the left foot to the extent of 45%.

The sum of $4,051.57, the amount of unpaid compensation which had accrued at the time of the arbitrator's award, was then payable, and the remainder was to be paid in weekly payments beginning, in the absence of review, on August 14, 1970. However, a request for review of the arbitrator's award was filed by both the employer and the employee and a hearing was held before the Industrial Commission on November 23, 1970. Following oral argument on February 24, 1971, the Commission denied the petition and confirmed the arbitrator's award on February 26, 1971.

On May 5, 1971, the employee filed a petition for penalties pursuant to section 19(k) of the Act, and alleged that the employer had been guilty of an unreasonable and vexatious delay in making payments of the award. A

hearing on the petition was held before a Commissioner on May 24, 1971, at which the employee's attorney testified on his behalf. Judicial notice was taken of the pleadings and various documents in the Commission's file, which indicated that the Commissioner's decision on review had been received by the employer's attorney on March 2, 1971. Under section 19(f)(1) (Ill. Rev. Stat. 1967, ch. 48, par. 138.19(f)(1)), the employer had 20 days, or until March 22, 1971, within which to appeal such decision by writ of *certiorari* to the circuit court. A letter from the employer's attorney to the employee's attorney, dated May 13, 1971, was introduced in evidence, which reflected tender of a check in the sum of $6,345.57, in payment of the award to that date. The award did not become final until March 22, 1971.

On cross-examination of the employee's attorney, it appeared that during the period of approximately 7 weeks which elapsed between the date when the award became final and the date when the check was tendered to the employee's attorney, there had been negotiations between the two attorneys in an effort to arrive at a lump-sum settlement. The employee's attorney was asked whether he had advised the employer's attorney that, as long as they were negotiating, no petition for penalties would be filed. He answered equivocally that he would not say yes, except on a limited basis. He also stated that when the check was tendered to him on May 13, 1971, the employee had moved, and nothing further could be done with respect to payment until he received his new address. On redirect examination he stated he had periodic conversations with the employer's attorney regarding penalties.

On August 11, 1971, the Industrial Commission denied the employee's petition for penalties, and the circuit court of Cook County affirmed the decision of the Commission.

From our examination of the record, it is clear that there were negotiations between the two attorneys after

the award became final, in an effort to arrive at a lump-sum settlement. The record fails to indicate that the negotiations included any discussion relative to the penalty provisions of the Act, and the record is void of any evidence which would manifest that the negotiations were not conducted in good faith. Settlement negotiations conducted in good faith should not be penalized. Such sanctions would discourage negotiations designed to terminate or settle litigation.

It appears from the record in this case that approximately 7 weeks elapsed between the date when the award became final and the date when the check was tendered in payment thereof. Under the circumstances of this case, such lapse of time should not invoke the penalty provisions of the Act.

The question of when a penalty award should be imposed under the Act was considered by this court in *Board of Education v. Industrial Com. (1968), 39 Ill.2d 167,* and at pages 170 and 171 the court stated:

"The question of whether there has been an unreasonable or vexatious delay is one of fact and, as with other questions of fact, the Commission's findings will not be disturbed unless they are against the manifest weight of the evidence. The record fails to show the defense to be frivolous or for the purpose of delay. ***

While we do not condone unnecessary delay in payment, we cannot say that the delay in these cases was such as to justify a finding of unreasonable or vexatious delay. It is impractical to set a definite time limitation for payment. As was said in the earlier *Board of Education* case: ' *** where all legal proceedings have been exhausted and a considerable time has been permitted to elapse thereafter during which the award is not

paid, it is incumbent upon the one liable to pay the same to excuse the delay.' (351 Ill. 128, 132.)"

In the case at bar, we find that there was adequate excuse for the delay in payment, and that there was no unreasonable or vexatious delay by the employer in tendering payment of the award. Therefore, we affirm the judgment of the circuit court.

*Judgment affirmed.*

MR. JUSTICE GOLDENHERSH took no part in the consideration or decision of this case.