PHILLIP E. SMITH, Petitioner-Appellee, *v.* GEN CO. CORPORATION, d/b/a DECK OIL COMPANY, *et al.*, Respondents-Appellants.

(No. 72-318; ▮▮▮▮▮▮▮)

Third District—April 30, 1973.

ALLOY, P. J., specially concurring.

Henry Noetzel, of Peoria, for appellants.

Edward Keefe, of Rock Island, for appellee.

Mr. JUSTICE DIXON delivered the opinion of the court:

On May 17, 1972 petitioner-employee Phillip E. Smith applied to the Circuit Court of Henry County under Ill. Rev. Stat. 1971, ch. 48, sec. 138.19(g) for judgment, against the employer-respondent, Gen Co. Corporation, and its insurer, The North River Insurance Company, on a final award of the Industrial Commission entered March 28, 1972 to enforce collection of amounts that had accrued and were due when no payment or tender was made by respondents after many requests. After hearing, the Circuit Court included in its judgment for petitioner, not only amounts that had accrued under the award to the date of judgment but also the additional sum of $3396.45 for the employee's costs and attorney fees both in proceedings before the Industrial Commission and in the Circuit Court. Appellants complain only of that portion of the judgment which allowed attorney's fees and costs. Since no review of an order of the Industrial Commission is involved, appellants' direct appeal to the Supreme Court was transferred to this Court.

The appeal involves construction of section 19(g) of the Workmen's

Compensation Act (Ill. Rev. Stat. 1971, ch. 48, sec. 138.19(g)), applicable portions of which read:

> "* * * either party may present a certified copy of the * * * decision of the Commission, when the same has become final, * * * providing for the payment of compensation * * * to the Circuit Court * * *. Whereupon said court shall render a judgment * *. In case where the employer refuses to pay compensation according to such final award * * * the court shall * * * tax as costs * * * the reasonable costs and attorney fees in the arbitration proceedings and in the court entering the judgment * * *.
>
> Judgment shall not be entered until 15 days' notice * * * shall be served * * *."

"The purpose of section 19(g) is to permit speedy judgment in cases where there has been a refusal to pay the award and a need to reduce the award to judgment to compel its payment. A further purpose is to compensate a claimant who is compelled to incur additional expense by reason of the refusal to pay an award by allowing him court costs and attorney fees." *Franklin v. Wellco Co.*, 5 Ill.App.3d 731.

■■ The employee sustained brain and skull injuries on Oct. 24, 1967 while employed at respondents gasoline station at Geneseo in Henry County. Eventually in its Decision on Review entered March 28, 1972 the Industrial Commission held the employee to be entitled to an award for permanent total disability in the amount of $56 per week for 267 weeks plus 1 week at $48 ($15,000 total) and thereafter a lifetime pension of $150 per month. The March 28 award became final April 18, 1972. The amount owed under the award at the time of its entry was $7989.38. Interest began accruing on this amount from and after March 28, 1972. (*Proctor Community Hospital v. Industrial Com.*, 50 Ill.2d 7.) Moreover, during every week following March 28, 1972 an additional $56 payment became due until the full $15,000 was paid.

After the award became final the employee's attorney made repeated requests for payment (4 in all) and nothing was forthcoming, not even the $56 weekly payments. Finally, application was made to the Circuit Court for judgment on the award under sec. 138.19(g). The filing fee was $31.

The next day a representative of the insurer offered a draft in the amount of $8288 with a condition that endorsement constituted a release in full settlement. There was then due $8447 and the offer was refused.

The following week the insurer offered drafts with the condition that endorsement was a full release and which did not contain accrued interest. The offer was refused.

Nothing further occurred until the hearing on the application for judgment 9 days later. During its case the insurer offered its earlier drafts and an additional draft for interest accrued only to May 23 ($73.50) when $85.36 interest was in fact due. No attempt to tender court costs was made and an additional weekly payment of $56 though due was not tendered.

After the hearing was concluded the trial court entered judgment for the full amount due ($8578.74) and taxed as costs $3396.45 itemized as follows:

$165.45 transcript of record in Industrial Commission on review of arbitration

$3000.00 attorney fees as fixed in decision entered by Industrial Comm.

$31.00 filing fee in Circuit Court

$200.00 attorney fee for filing and appearing in Circuit Court

_____

$3396.56

It is apparent from the record that the insurer herein denied owing and never intended to pay interest due on the award and that for its convenience it intended to pay the weekly awards monthly rather than weekly. Even in its reply brief it argues that, "interest never became vested until judgment". No interest was ever offered until the hearing and then less than the amount due. The cost of the filing fee was never tendered at all.

■■■ As a general rule, a tender must include everything to which the creditor is entitled, and a tender of any less sum is nugatory and ineffective as a tender. (*Colby v. Reed*, 99 U.S. 560, 25 L.Ed. 484.) It must include interest due and costs then due as accrued. (Annot. 5 A.L.R. 1228. 86 C.J.S. Tender, sec. 7—8.) It is the duty of the debtor to make sure that his tender is sufficient in amount. An offer of an amount less than due where coupled with conditions which renders its acceptance by the creditor an admission that no greater amount is due is not a tender at all. *Ortman v. Kane*, 389 Ill. 613; 34 I.L.P. Tender; 52 Am.Jur. Tender, sec. 25.

■■ The employee was entitled to interest on the award and the insurer knew or should have known it. (*McMurray v. Peabody Coal Co.*, 281 Ill. 218, 226; *Chicago Traction Co. v. Industrial Board*, 282 Ill. 230, 235.) As for the $56 weekly payments the employee was entitled to be paid weekly and not monthly. Sec. 138.8(b)5 provides: "All payments of compensation shall be made not later than 2 weeks after the interval for which compensation is payable." The import is that an employee is to be paid promptly.

Insurer argues that since sec. 19(k) of the Act provides an administrative remedy that that remedy must be exhausted before application to the Circuit Court.

The insurer has cited *Board of Education v. Industrial Com.*, 39 Ill.2d 167. In that case the proceeding was brought under sec. 19(k) of the Act and has no application here except as was observed by the court on page 171. "We think, however, that employers in compensation cases would be well advised to make payments of awards as soon as practicable to avoid this question and the possible application of sanctions." The case was distinguished by the Supreme Court in *Proctor* on page 9. *Sweitzer v. Industrial Com.*, 394 Ill. 141 also cited by insurer certainly has no application here. The court there held that a review of an arbitrator's decision by the commission a precedent to a review by the Circuit Court. *Sanchez v. Industrial Com.*, 53 Ill.2d 514 was also a proceeding under sec. 19(k) of the Act and would have no application here. In that case there were negotiations between the attorneys in attempt to arrive at a lump sum settlement. The court said, "Settlement negotiations conducted in good faith should not be penalized". There were no settlement negotiations here.

■■ There is no precedent for insurer's position that relief under sec. 138.19(g) cannot be afforded without first applying to the Commission under sec. 138.19(k) and both *Voorhees* and *Proctor* approve the contrary procedure. In addition to the obvious differences in the sections (k) speaks only of penalties for vexatious delay and failure to pay "compensation" and never speaks of penalties for failure or refusal to pay an "award", where (g) is addressed to penalties for refusal to pay "final awards", and is a method of enforcement of final awards. Going back to the Commission for a 50% penalty under (k) does not provide a method of enforcement of payment; respondent could still fail or refuse to pay the larger amount.

■■ Under the Illinois Act the Commission has no power to enforce payment of its own award and the only way a final award can be enforced is by a proceeding in Circuit Court. In short, there is no administrative remedy and therefore none to be exhausted.

In interpreting sec. 138.19(g) the Supreme Court in *Voorhees v. Industrial Com.*, 31 Ill.2d 330 established two principles:

1. If anything is properly due the employee under the final award of the Commission *at the time application* for judgment is made then the Circuit Court should enter judgment as provided in 19(g).

2. *Full* payment or tender of full payment is a complete defense to the employee's application for judgment.

■■ In the case at bar it is undisputed that the insurer made no payment or tender of any kind whatever, in any amount, prior to the filing of the application for judgment on May 17, 1972. The delay in view of so many requests could hardly have been inadvertent. It was not only necessary for the employee to incur the expense of filing in the Circuit Court he had to proceed to a full hearing to judgment.

Respondent's conduct demonstrated its refusal to pay the award *according to its terms* and the Circuit Court correctly so found.

■■ Respondents also assert in this appeal a number of other matters not raised in the trial Court and which cannot be raised for the first time in this court. *Richards v. Industrial Com.*, 44 Ill.2d 150.

The judgment of the Circuit Court of Henry County is affirmed.

Affirmed.

STOUDER, J., concurs.

Mr. PRESIDING JUSTICE ALLOY specially concurring:

My reluctant concurrence in the above case stems from the fact that, as stated in the case of *Franklin v. Wellco Co.*, 5 Ill.App.3d 731, 283 N.E.2d 913, "The statute states that reasonable attorney's fees shall be taxed when the employer refuses to pay the award." I recognize that a deliberate delay may amount to refusal and that this becomes essentially a question of fact for determination by the circuit court as a trier of fact. I believe it is necessary, however, to emphasize that not every delay in and of itself could be construed to amount to a refusal to pay. A good faith delay would certainly not fall into this category. This cause is determined on the basis that the circuit court found that the delay was tantamount to a refusal. It does not mean, and should not mean, that any delay should be a basis for a finding that penalties invoked for vexatious delays and refusals to pay are available in all cases where payment is not made precisely in accordance with statutory provisions.