D. W. VOORHEES, SR., Appellant, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(CURTIS HINES, Appellee.)

*Opinion filed September 29, 1964.*

PENICK, WOOLEYHAN & NIELSON, of Quincy, for appellant.

JAMES N. KEEFE, of Quincy, for appellee.

Mr. JUSTICE HOUSE delivered the opinion of the court:

This is an appeal by the employer, D. W. Voorhees, Sr., from a judgment of the circuit court of Adams County entered under the provisions of section 19(g) of the Workmen's Compensation Act, (Ill. Rev. Stat. 1963, chap. 48, par. 138.19(g),) in favor of an injured employee, Curtis Hines.

The Industrial Commission made awards to Hines for specific percentages of loss of use of various members totalling $5820. The action of the commission was affirmed by the circuit court and a writ of error to review the judgment was denied by this court on September 25, 1963. After notice and order of the circuit court, the employer tendered $450 less than the total award for specific injuries. Hines refused to accept the lesser amount and filed application for

entry of a money judgment. The circuit court entered judgment under section 19(g) for the award of $5820, plus an attorney fee of $1746, interest at 5% from the date of the award in the sum of $328.05 and $5 court costs, or a grand total of $7899.05. This appeal followed.

The pertinent provision of section 19(g) provides that, "where the employer refuses to pay compensation according to such final award * * * the court shall in entering judgment thereon, tax as costs against him the reasonable costs and attorney fees in the arbitration proceedings and in the court entering the judgment for the person in whose favor the judgment is entered."

The employer takes the unique and untenable position that he made a full and complete tender of the amount of the award because he was entitled to deduct from the award for specific injuries the sum of $450 paid to the employee as temporary total disability for 10 weeks at $45 per week. He bases this upon the concluding paragraph of the Commission's order following the awards for specific injuries, reading: "It is further ordered by the commission that Respondent have credit for all sums of money, if any, heretofore paid the petitioner on account of accidental injuries sustained on January 9, 1961."

Mere reference to section 8 of the act, (Ill. Rev. Stat. 1963, chap. 48, par. 138.8,) discloses the fallacy of this contention. It provides for payment to an employee for accidental injury not resulting in death, as follows: for medical and surgical costs in paragraph (a), for compensation for temporary total incapacity in paragraph (b), and in paragraph (e), "For accidental injuries in the following schedule, the employee shall receive compensation for the period of temporary total incapacity for work resulting from such accidental injury, in accordance with the provisions of paragraph (b) of this Section, for a period not to exceed 64 weeks, and shall receive in addition thereto such compensation for a further period subject to limita-

tions as to amounts as in this Section provided for the specific loss herein mentioned, * * * ." Compensation for specific (permanent) injuries is plainly payable over and above that payable for temporary incapacity.

In *Board of Education* v. *Industrial Com.* 308 Ill. 445, this court held that full payment or tender of full payment of the final award was a complete defense to an employee's application for judgment under section 19(g), but that if anything is properly due the employee under the final award at the time application for judgment is made, then the circuit court should enter judgment as provided in section 19(g). Since the tender of $5,369.99 was not a tender of the full amount due the employee under the final award of the commission it did not constitute a tender and the circuit court properly entered a judgment under section 19(g).

The judgment of the circuit court of Adams County is affirmed.

*Judgment affirmed.*