(No. 44182.—)

PROCTOR COMMUNITY HOSPITAL, Appellant, v. THE INDUSTRIAL COMMISSION *et al.*—(Katherine Oakley, Appellee.)

*Opinion filed November 30, 1971.*

JOHN E. (JACK) CASSIDY, JR., of CASSIDY & CASSIDY, of Peoria, for appellant.

SWAIN, JOHNSON & GARD, and JERRY T. STAFFORD, both of Peoria, for appellee.

MR. JUSTICE GOLDENHERSH delivered the opinion of the court:

Respondent, Proctor Community Hospital, appeals from the judgment of the circuit court of Peoria County

entered upon the petition of Katherine Oakley, widow of Orvis W. Oakley, deceased, filed under section 19(g) of the Workmen's Compensation Act. (Ill.Rev.Stat., ch. 48, par. 138.19(g).) In prior proceedings the Industrial Commission awarded compensation to petitioner, the circuit court set aside the award and this court reversed the judgment of the circuit court and reinstated the award. *(Proctor Community Hospital v. Industrial Com., 41 Ill. 2d 537.)* Following issuance of our mandate respondent paid the amount of the award, refused to pay interest thereon, and petitioner instituted the section 19(g) proceeding. The judgment appealed from is in the amount of $1713.43, for interest computed in accordance with the provisions of section 3 of the Interest Act (Ill.Rev.Stat. 1967, ch. 74, par. 3) from the date of the entry of the award to the date of payment.

Section 3 provides: "Judgments recovered before any court or magistrate shall draw interest at the rate of 5% per annum from the date of the same until satisfied. When judgment is entered upon any award, report or verdict, interest shall be computed at the rate aforesaid, from the time when made or rendered to the time of rendering judgment upon the same, and made a part of the judgment; Provided, however, that the judgment debtor may by tender of payment of judgment, costs and interest accrued to date of tender, stop the further accrual of interest on such judgment notwithstanding the prosecution of appeal, writ of error, or other steps to reverse, vacate or modify the judgment."

Respondent contends that section 3 is not applicable in this case but assuming *arguendo* that it does apply, it creates a classification so unreasonable and discriminatory as to render it invalid. Respondent argues that during most of the period during which the interest accrued it was a non-debtor appellee and not a judgment debtor, and was therefore deprived of the privilege available to a judgment debtor to stop the further accrual of interest in compliance

with that portion of section 3 which provides: "Provided, however, that the judgment debtor may by tender of payment of judgment, costs and interest accrued to date of tender, stop the further accrual of interest on such judgment notwithstanding the prosecution of appeal, writ of error, or other steps to reverse, vacate or modify the judgment."

Obviously a judgment debtor who terminates the accrual of interest in the manner provided in the statute runs the risk that even though he prevails in his appeal, the appellee will have dissipated the funds and he will be unable to effect recovery of the sums paid. There is nothing in the statute to prevent an appellee from taking the same risk and we find no arbitrary, unreasonable or discriminatory classification which renders the statute invalid.

In support of its contention that there is no interest due under the provisions of section 3 respondent argues that there was no judgment to which the statute applied until the reversal by this court of the circuit court order setting aside the decision of the Industrial Commission. It argues further that *Board of Education of City of Chicago v. Industrial Com., 39 Ill. 2d 167,* holds that the circuit court had no authority to enter the judgment for interest.

*Board of Education v. Industrial Com.* and the cases upon which the court relied in reaching its decision are clearly distinguishable in that they involved proceedings in which the circuit court was reviewing the awards of the Industrial Commission. Here the review procedures were completed and there remained only the matter of enforcement of our mandate. Clearly under section 3 a judgment based on an award of the Industrial Commission is to include the interest from the date of the award to the time of rendering of the judgment. *(McMurray v. Peabody Coal Co., 281 Ill. 218.)* The interest accrues from the date of the award, notwithstanding that at an intermediate level of review the award was overturned and on further review

reinstated. *(Gnat v. Richardson, 378 Ill. 626.)* The circuit court of Peoria County correctly interpreted section 3 and the judgment is affirmed.

*Judgment affirmed.*