BETTY J. KUHL, Appellant, v. THE INDUSTRIAL COMMISSION *et al.* (Van Wingerden, Inc., Appellee).

Third District (Industrial Commission Division)   No. 3—85—0171WC

Opinion filed July 29, 1986.—Rehearing denied October 22, 1986.

520

Kevin Kelly, of La Salle, and Peter F. Arden, of Chicago, for appellant.

No brief filed for appellee.

JUSTICE KASSERMAN delivered the opinion of the court:

Petitioner, Betty J. Kuhl, has perfected this appeal from a judgment of the circuit court of La Salle County which refused to award her attorney fees and interest to which she claims she is entitled under sections 19(g) and 19(n) of the Workers' Compensation Act (Ill. Rev. Stat. 1983, ch. 48, par. 138.19(g); Ill. Rev. Stat. 1981, ch. 48, par. 138.19(n); Ill. Rev. Stat. 1983, ch. 48, par. 138.19(n) (as amended by Pub. Act 83—1362)). The facts are as follows.

After an arbitrator found that the petitioner's exposure to an occupational disease left her temporarily totally disabled, on September 28, 1981, petitioner was awarded 177 weeks of temporary total disability benefits at $105.50 per week, and $1,104.20 in medical expenses. On review, which was initiated by her employer, the respondent, the Industrial Commission reduced this award to 32$4/7$ weeks at $105.40 per week. On writ of *certiorari* brought by the petitioner, the circuit court reinstated the arbitrator's award and modified the award so as to include an additional 35$2/7$ weeks of temporary total disability benefits and $25.94 in additional medical expenses. On appeal by the respondent, we affirmed the judgment of the circuit court (*Kuhl v. Industrial Com.* (1984), 126 Ill. App. 3d 946, 468 N.E.2d 162) and issued our mandate on December 5, 1984.

On December 5, 1984, the employer's insurance carrier tendered $20,838.51 to petitioner in "final settlement," which was rejected by petitioner as insufficient on December 26, 1984. On January 2, 1985, the insurance carrier tendered $20,838.51 "per arbitrator's decision" and $246.00 for court costs. On January 7, 1985, the petitioner rejected this tender as insufficient. On January 18, 1985, the petitioner filed a motion to enforce the judgment pursuant to section 19(g) of the Workers' Compensation Act. This motion requested the payment of statutory interest under section 19(n) and costs and attorney fees for the entire cause (*i.e.*, from the original arbitration proceeding through the proceeding to enforce the judgment). Subsequent to the filing of the section 19(g) petition but before a hearing was held thereon, respondent tendered $24,967 as settlement in full; however, this tender was also rejected by petitioner.

After the hearing on the motion to enforce the judgment, the circuit court awarded petitioner $650 in attorney fees for filing and pursuing the motion. Although the respondent admitted to twice

tendering less than the compensation due, the court denied petitioner's request for attorney fees from the original arbitration proceeding through the first appeal. The circuit court found that section 19(n) of the Workers' Compensation Act was inapplicable; nevertheless, the court awarded interest at 6% per annum upon $18,673.50 from September 21, 1981, through November 21, 1983, and 9% per annum upon $23,772.28 from November 23, 1983, through the date of payment. After the circuit court's order, the petitioner perfected the instant appeal and accepted tender of $30,368.45 without prejudice to the rights of the parties on appeal.

Respondent originally filed no appellate brief; however, we considered the issues raised by petitioner and entered an opinion of this court on December 23 1985. Subsequently, we granted the petition for rehearing of Van Wingerden, Inc., and also granted the Industrial Commission's petition for leave to intervene. The motion of the Illinois State Chamber of Commerce and the Illinois Self-Insurers Association for leave to join in respondent's petition for rehearing and for leave to file briefs as *amici curiae* was subsequently granted by this court. Having reconsidered the issues raised by rehearing on the instant appeal and having considered the briefs of counsel without further oral argument, the prior opinion of this court is modified on rehearing as follows.

■ On appeal, the petitioner contends that the circuit court erred by: (1) finding section 19(n) inapplicable; (2) not prospectively applying the interest rates set forth in section 19(n) as amended; and (3) failing to award attorney fees pursuant to section 19(g).

Section 19(n) originally provided as follows:

"All decisions of the Industrial Commission confirming or increasing an award entered by an arbitrator of the Commission shall bear interest at the rate of 6% per annum from the date of the arbitrator's award on all compensation accrued." (Ill. Rev. Stat. 1981, ch. 48, par. 138.19(n).)

However, section 19(n) of the Act was subsequently amended to provide, in pertinent part:

"After June 30, 1983, decisions of the Industrial Commission reviewing an award of an arbitrator of the Commission, and decisions of the Commission involving cases heard directly by the Commission under paragraph (b) of Section 19, shall draw interest at a rate equal to one percentage point above the average quoted prime rate on short-term commercial loans in effect on the day on which the decision is made, as reported by the Board of Governors of the Federal Reserve

System in Statistical Release H. 15 ('Selected Interest Rates'), or any successor Release reporting such rate. Interest shall be drawn from the date of the arbitrator's award, or the date of the Commission's decision in those cases heard directly by it under paragraph (b) of Section 19, on all accrued compensation due the employee through the day prior to the date of payments. However, when a petitioner appeals an award of an Arbitrator or the Commission, and the appeal results in no change in the award, interest shall not further accrue from the date of such appeal." (Ill. Rev. Stat., 1983 Supp., ch. 48, par. 138.19(n), as amended by Pub. Act 83—1051, eff. July 1, 1984.)

By subsequent legislative enactment, section 19(n) of the Act was again amended to provide:

"After June 30, 1984, decisions of the Industrial Commission reviewing an award of an arbitrator of the Commission shall draw interest at a rate equal to the yield on indebtedness issued by the United States Government with a 26-week maturity next previously auctioned on the day on which the decision is filed. Said rate of interest shall be set forth in the Arbitrator's Decision. Interest shall be drawn from the date of the arbitrator's award on all accrued compensation due the employee through the day prior to the date of payments. However, when an employee appeals an award of an Arbitrator or the Commission, and the appeal results in no change or a decrease in the award, interest shall not further accrue from the date of such appeal." (Ill. Rev. Stat., 1984 Supp., ch. 48, par. 138.19(n), as amended by Pub. Act 83—1125, eff. June 30, 1984.)

Furthermore, an additional amendment to section 19(n) of the Act was enacted which provided:

"After June 30, 1983, decisions of the Industrial Commission reviewing an award of an arbitrator of the Commission, and decisions of the Commission involving cases heard directly by the Commission under paragraph (b) of Section 19, shall draw interest at a rate equal to one percentage point above the average quoted prime rate on short-term commercial loans in effect on the day on which the decision is made, as reported by the Board of Governors of the Federal Reserve System in Statistical Release H. 15 ('Selected Interest Rates'), or any successor Release reporting such rate. Interest shall be drawn from the date of the arbitrator's award, or the date of

the Commission's decision in those cases heard directly by it under paragraph (b) of Section 19, on all accrued compensation due the employee through the day prior to the date of payments. However, when a petitioner appeals an award of an Arbitrator or the Commission, and the appeal results in no change in the award, interest shall not further accrue from the date of such appeal." (Ill. Rev. Stat. 1983, ch. 48, par. 138.19(n), as amended by Pub. Act 83—1362, eff. September 11, 1984.)

Public Act 83—1051 was passed on July 2, 1983, and was finally approved by the legislature on November 2, 1983, following a modification by the Governor; however, it did not become effective until July 1, 1984. On the other hand, Public Act 83—1125 was enacted on June 30, 1984, and became effective on that date. Since Public Acts 83—1051 and 83—1125 cannot be reconciled and since the irreconcilable act approved by the legislature on the latest date is controlling (*People v. Frye* (1983), 113 Ill. App. 3d 853, 859-60, 447 N.E.2d 1065, 1069-70), Public Act 83—1125 is controlling. Furthermore, Public Act 83—1362, the final revisory act, contained the provision that it was intended to make nonsubstantive revisions in the law and if any section of an act amended by the act was amended or repealed by any other act of the 83rd General Assembly, the changes made by Public Act 83—1362 were not intended to prevail over conflicting changes made by such other act. Thus, since section 19(n) as set forth in Public Act 83—1125 differs substantially from section 19(n) as set forth in Public Act 83—1362, and since both acts were passed by the 83rd General Assembly, by the express terms of Public Act 83—1362, Public Act 83—1125 was to take precedence over Public Act 83—1362.

■ We note at the outset that the circuit court erred in determining that section 19(n) of the Act was not applicable. In 1981, section 19(n) provided that it was applicable to all decisions of the Industrial Commission which confirmed or increased an arbitrator's award. No distinction was made as to whether the appeal to the Industrial Commission was initiated by the petitioner or the respondent. The current version of section 19(n) provides that a petitioner shall be entitled to interest in accordance with its provisions unless "petitioner appeals an award of an Arbitrator or the Commission, and the appeal results in no change in the award." Thus, an appeal initiated by a respondent does not circumvent the interest-accrual provisions of section 19(n). Furthermore, although the 1981 version of section 19(n) expressly provided that interest would accrue from

the date of the arbitrator's award in "decisions of the Industrial Commission confirming or increasing an award entered by an arbitrator," the respondents and intervenors in their briefs concede that the 1981 provisions of section 19(n) are applicable to the case at bar in spite of the fact that petitioner's award was reduced by the Industrial Commission.

In the case at bar the respondent sought review of the arbitrator's award by the Industrial Commission and obtained a reduction in the petitioner's compensation award. The petitioner then sought judicial review of the commission's decision by the circuit court. The circuit court reinstated the arbitrator's award and increased the total number of weeks of temporary total disability benefits. On appeal initiated by the respondent, we affirmed the decision of the circuit court. Since the review and appeal of the cause led to the decision of the arbitrator being confirmed or increased, we conclude that section 19(n) is applicable. *Cf. Wirth v. Industrial Com.* (1976), 63 Ill. 2d 237, 241, 347 N.E.2d 136, 138.

■ We now turn to the question of how the interest should be computed under section 19(n) of the Act. Absent an agreement or specific statutory provision to the contrary, a judgment entered prior to the amendment of an interest accrual statute shall bear interest at the new rate prospectively from the effective date of the amendment. (*Noe v. City of Chicago* (1974), 56 Ill. 2d 346, 349-50, 307 N.E.2d 376, 378-79; *Nabor v. Occidental Life Insurance Co.* (1979), 78 Ill. App. 3d 288, 294, 396 N.E.2d 1267, 1272.) We conclude that by its express terms, Public Act 83—1125 provides for prospective application of the new interest rate and that it was not intended to be applied to arbitrators' awards entered prior to July 1, 1984. Since the arbitrator's award in the instant case was entered on September 28, 1981, the interest rate provided in Public Act 83—1125 was not applicable.

We therefore remand this cause to the circuit court with instructions that it award interest to petitioner computed with regard to the following determination. Section 19(n) applies only to compensation awards. Medical expenses, costs, and attorney fees do not accrue interest. (See *Folks v. Hurlbert's Wholesale Siding & Roofing, Inc.* (1981), 93 Ill. App. 3d 19, 21-22, 416 N.E.2d 745, 747-48.) In the instant case the arbitrator awarded the petitioner 177 weeks of benefits at $105.50 per week. From the date of the arbitrator's award through November 21, 1983, the petitioner is entitled to be paid interest upon $18,673.50 at a rate of 6% per annum. (Ill. Rev. Stat. 1981, ch. 48, par. 138.19(n).) On November 21, 1983, the cir-

cuit court modified the compensation award so as to include an additional $35\frac{2}{7}$ weeks of benefits. Since this represents an additional $3,772.64 in benefits, the petitioner is entitled to receive interest at the rate of 6% per annum upon $22,396.14 from November 22, 1983, through the date of final payment. Ill. Rev. Stat. 1981, ch. 48, par. 138.19(n).

■ We now turn to the issue raised by the trial court's refusal to award attorney fees. Section 19(g) provides in pertinent part:

"Except in the case of a claim against the State of Illinois, either party may present a certified copy of the award of the Arbitrator, or a certified copy of the award of the Arbitrator, or a certified copy of the decision of the Commission when the same has become final, when no proceedings for review are pending, providing for the payment of compensation according to this Act, to the Circuit Court of the county in which such accident occurred or either of the parties are residents, whereupon the court shall enter a judgment in accordance therewith. In a case where the employer refuses to pay compensation according to such final award or such final decision upon which such judgment is entered the court shall in entering judgment thereon, tax as costs against him the reasonable costs and attorney fees in the arbitration proceedings and in the court entering the judgment for the person in whose favor the judgment is entered, which judgment and costs taxed as therein provided shall, until and unless set aside, have the same effect as though duly entered in an action tried and determined by the court, and shall with like effect, be entered and docketed." Ill. Rev. Stat. 1983, ch. 48, par. 138.19(g).

The purpose of section 19(g) is to permit the entry of a speedy judgment in cases where there has been a refusal to pay and, further, by allowing a claimant court costs and attorney fees in the arbitration proceedings and in the court entering judgment, to compensate a claimant who is compelled to incur the additional expense of reducing the award to final judgment. (*Franklin v. Wellco Co.* (1972), 5 Ill. App. 3d 731, 734, 283 N.E.2d 913, 915.) Mindful of this purpose, we find that the trial court erred in not assessing attorney fees against the respondent.

■ In the instant case the respondent twice tendered an amount of money ($20,838.51) which it acknowledged to be insufficient. Both tenders were rejected by the petitioner prior to her application for judgment. Although the respondent tendered $24,967

prior to the hearing on the application for judgment, this tender was made after the section 19(g) petition was filed; therefore, this tender was both insufficient and untimely. See *Voorhees v. Industrial Com.* (1964), 31 Ill. 2d 330, 332, 201 N.E.2d 382, 383; *Smith v. Gen Co. Corp.* (1973), 11 Ill. App. 3d 106, 110-11, 296 N.E.2d 25, 29.

After our mandate issued, exclusive of medical expenses, interest or costs, the respondent was indebted to petitioner for $212\frac{2}{7}$ weeks of benefits at $105.50 per week. This results in a total compensation award of $22,396.14. Thus, respondent's tender of $20,838.51 is insufficient on its face; and, as we previously have stated, respondents $24,967 tender was both insufficient and untimely. Since an insufficient tender without a *bona fide* dispute as to the amount owed may be treated as no tender at all (*Smith v. Gen Co. Corp.* (1973), 11 Ill. App. 3d 106, 109, 296 N.E.2d 25, 28; see also *Wirth v. Industrial Com.* (1976), 63 Ill. 2d 237, 241-42, 347 N.E.2d 137, 138), the respondent has engaged in the very type of conduct that section 19(g) was designed to prevent. We therefore remand this cause to the circuit court for the award of reasonable attorney fees from the arbitration proceedings through the first appeal. This award is to be in addition to the $650 attorney fee awarded to petitioner for being required to file and argue the enforcement proceeding.

For the foregoing reasons, we affirm the judgment of the circuit court with regard to the $650 attorney fee awarded for the filing of the instant action. We reverse the judgment of the circuit court as to the computation of interest and the award of attorney fees from the arbitration proceedings through the first appeal; and we remand this cause to the circuit court of La Salle County for determination of these issues in conformity with this opinion.

Affirmed in part, reversed in part and remanded with instructions.

WEBBER, P.J., and BARRY, LINDBERG, and McNAMARA, JJ., concur.