EARL D. BRAY, Appellee, v. THE INDUSTRIAL COMMISSION *et al.*
(United States Steel Corporation, Appellant).

First District (Industrial Commission Division)   No. 1—86—2208WC

Opinion filed September 8, 1987.

88

BARRY, P.J., specially concurring.
KASSERMAN, J., dissenting.

Appeal from the Circuit Court of Cook County; the Hon. Irwin Cohen, Judge, presiding.

Luanne Ellison, of USX Corporation, of Chicago, for appellant.

Cornfield & Feldman, of Chicago, for appellee.

JUSTICE WOODWARD delivered the opinion of the court:
The employee, Earl D. Bray, was awarded benefits under sections 8(a) and 19(h) of the Illinois Workers' Compensation Act (Act) (Ill. Rev. Stat. 1981, ch. 48, pars. 138.8(a), 138.19(h)) by the Industrial Commission. The employer, United States Steel Corporation, appealed and the Commission's decision was confirmed in part and set aside in part by the appellate court. (*United States Steel Corp. v. Industrial Com.* (1985), 133 Ill. App. 3d 811 (hereinafter referred to as *Bray* I).) Thereafter, the employee filed an application for judgment under section 19(g) of the Act (Ill. Rev. Stat. 1981, ch. 48, par. 138.19(g)) seeking interest at 9% per annum under the interest provisions of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 2—1303) from the date of the Industrial Commission's award. The circuit court denied the employer's motion to quash and awarded the employee judgment for interest at 9% per annum from the date of the award. The employer appeals.

The employer raises two issues on appeal, namely: whether section 19(g) applies where the Commission's award was set aside in part on appeal and where the remaining portions have been paid in full prior to the filing of the application for judgment; and whether the interest provisions of the Code of Civil Procedure are applicable to an award made under the Workers' Compensation Act.

The relevant facts in this case are succinctly set forth in this court's opinion in the first appeal involving these parties (*United States Steel Corp. v. Industrial Com.* (1985), 133 Ill. App. 3d 811) and, therefore, will not be restated here. However, by way of background, in 1970 the employee had been awarded benefits for an employment-related injury. In 1974, he requested that the award be reviewed by the

Industrial Commission pursuant to section 19(h) on the ground that his disability had subsequently increased. On June 1, 1982, the Industrial Commission awarded the employee total permanent disability benefits, medical expenses, and interest under section 19(n) of the Act. (Ill. Rev. Stat. 1981, ch. 48, par. 138.19(n).) The employer appealed.

On appeal this court affirmed the award of permanent disability benefits and medical expenses, but reversed the award of interest, stating as follows:

"We conclude that section 19(n) was intended to apply to decisions of the Industrial Commission on review under section 19(e) and not to decisions in proceedings brought under section 19(h), as was the instant case. A proceeding under 19(h) involves the review by the Industrial Commission of an award on the grounds that the disability of the employer [sic] has recurred, increased, diminished or ended since the original award. Such proceedings are commenced by petition directly to the Industrial Commission; and there is no arbitrator's award to be confirmed or reduced or increased. Any adjustment made to an employee's compensation payments is based on a change in condition occurring after the original award, and the existence of such a change is determined by the Industrial Commission without the intervention of the proceedings before the arbitrator. The right to the additional compensation accrues only after the award of the Industrial Commission. Section 19(n) has been construed as to not entitle an employee to interest upon payments which accrue after the arbitrator's award (*Folks v. Hurlbert's Wholesale Siding & Roofing, Inc.* (1981), 93 Ill. App. 3d 19, 21, 416 N.E.2d 745, 747); therefore, there are no grounds for the award of interest in the case at bar. Our conclusion in this regard also draws support from the fact that, because the ultimate adjustment in compensation, if any, is not known until the Industrial Commission rules, it is impossible for an employer to make tender thereof as provided in section 19(n) in order to terminate the accrual of interest. The award of interest prior to the entry of that award is impermissible. *Interlake Steel Corp. v. Industrial Com.* (1975), 60 Ill. 2d 255, 262-263, 326 N.E.2d 744, 748." *United States Steel Corp v. Industrial Com.* (1985), 133 Ill. App. 3d 811, 819.

On July 17, 1985, the mandate of the appellate court issued. On July 12, 1985, the employer tendered and the employee accepted a draft in the amount of $22,307.86 in full payment of the permanent disability benefits due under section 8(a) of the Act. On October 21,

1985, the employer tendered and the employee accepted a draft in the amount of $9,726.45, for the medical expenses. On February 28, 1986, the employee filed his application for judgment under section 19(g). In his pleading, he acknowledged receipt of the drafts for the permanent compensation and medical expenses, but alleged that he was entitled to interest on the award from June 1, 1982, the date of the decision and order of the Industrial Commission until satisfied. He further alleged that he had requested that the employer pay the interest, which was calculated at $7,898.73, but that the employer had refused to pay the interest. The employer filed a motion to quash, which was denied. Concluding that section 2—1303 of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 2—1303) applied, the circuit court granted the employee's motion for judgment and awarded interest at the rate of 9% from June 1, 1982, to the dates of payments, and also attorney fees. This appeal followed.

■ The employer contends that section 19(g) is not applicable where the Commission's decision was reversed in part, and where the payment was tendered and accepted prior to the filing of the application for judgment. Section 19(g) provides in pertinent part as follows:

"Except in the case of a claim against the State of Illinois, either party may present a certified copy of the award of the Arbitrator, or a certified copy of the decision of the Commission when the same has become final, when no proceedings for review are pending, providing for the payment of compensation according to this Act, to the Circuit Court of the county in which such accident occurred or either of the parties are residents, whereupon the court shall enter a judgment in accordance therewith." (Ill. Rev. Stat. 1981, ch. 48, par. 138.19(g)).

The employer argues that because the award here was reversed in part, the application of section 19(g) is improper since the Commission's ruling is no longer controlling. However, inasmuch as there was an award made in this case which was upheld upon review, the fact that a portion of it was reversed cannot be held to prevent the enforcement of that portion still standing, particularly where the statute makes no such distinction.

■ ■ As a general rule, a tender must include everything to which the creditor is entitled, and a tender of any less sum is nugatory and ineffective as a tender. (*Smith v. Gen Co.* (1973), 11 Ill. App. 3d 106, 109.) It must include interest due and costs then due as accrued. (11 Ill. App. 3d 106, 109.) Thus, if the employee was entitled to interest and the employer failed to tender it, the circuit court properly entered judgment under section 19(g). (*D. W. Voorhees v. Industrial*

*Com.* (1964), 31 Ill. 2d 330.) We therefore must determine if the interest award here was proper.

Prior to 1975, the payment of interest on an award made by the Industrial Commission was made in accordance with section 3 of the Interest Act. (Ill. Rev. Stat. 1967, ch. 74, par. 3; *McMurray v. Peabody Coal Co.* (1917), 281 Ill. 218.) Under section 3, a judgment based upon an award of the Industrial Commission was to include interest from the date of the award to the time of rendering of the judgment. *Proctor Community Hospital v. Industrial Com.* (1971), 50 Ill. 2d 7, 9.

However, in 1975, the Act was amended to include the following provision:

> "All decisions of the Industrial Commission confirming or increasing an award entered by an arbitrator of the Commission shall bear interest at the rate of 6% per annum from the date of the arbitrator's award on all compensation accrued. However, the employer or his insurance carrier may tender the payments due under the award to stop the further accrual of interest on such award notwithstanding the prosecution by either party of review, certiorari, appeal to the Supreme Court or other steps to reverse, vacate or modify." Ill. Rev. Stat. 1981, ch. 48, par. 138.19(n).

*United States Steel Corp. v. Industrial Com.* (1985), 133 Ill. App. 3d 811, 818-19.

In *United States Steel Corp. v. Industrial Com. (Bray* I), this court determined that section 19(n) was not applicable to the employee's award for the following reasons: (1) there is no arbitrator's award to be confirmed, reduced, or increased; (2) section 19(n) has been construed not to entitle an employee to interest upon payments which occur after the arbitrator's award (see *Folks v. Hurlbert's Wholesale Siding & Roofing, Inc.* (1981), 93 Ill. App. 3d 19, 21); and (3) since the ultimate adjustment in compensation is not known until the Industrial Commission rules, an employer could not tender the amount in order to stop the accrual of the interest. Thus, for the salient reasons stated above, the application of section 19(n) has been limited to those cases involving an arbitrator's award either unchallenged or one which has been confirmed or increased by the Industrial Commission.

The employer acknowledges that prior to 1975, the Interest Act applied to a worker's compensation award. (See *Proctor Community Hospital v. Industrial Com.* (1971), 50 Ill. 2d 7.) However, the employer argues that in 1975, with the enactment of section 19(n), the legislature indicated a clear intent to govern the assessment of interest by section 19(n) and not by the terms of the Interest Act. Further,

because of the exclusive nature of the Workers' Compensation Act, it would be a derogation of the legislative intent to look outside of the Act for the right to interest on an award entered subsequent to July 1, 1975.

On the other hand, the employee argues that inasmuch as the two statutes in question, section 19(n) and section 2—1303 of the Code of Civil Procedure (formerly, section 3 of the Interest Act) relate to the same subject matter, they are *in pari materia*, and should be construed together. He contends further that in construing the two statutes together, it is clear that the legislature did not intend a repeal of the Interest Act as applied to judgments of awards of the Industrial Commission.

■■ "The purpose of construing statutes is to arrive at the true legislative intent and all sections must be construed together so as to give effect to all, if that be possible. [Citations.] In ascertaining the intention of the legislature the whole act must be given consideration, together with the state of the law prior to its adoption, any changes made by the act and the apparent motive for making those changes. [Citation.]" *People ex rel. Gamble v. McKinstry* (1942), 379 Ill. 528, 531.

■■ "Statutes which relate to the same thing or to the same subject or object are *in pari materia*, and should be construed together as though they were one statute, even though enacted at different times." (*Spring Hill Cemetery v. Ryan* (1960), 20 Ill. 2d 608, 615.) While a specific statutory provision controls over a general provision on the same subject, when two statutes relate to the same subject matter, they should be construed harmoniously where possible. *In re Marriage of Pick* (1983), 119 Ill. App. 3d 1061, 1065.

We note that prior to the enactment of section 19(n), our supreme court had held that in a proceeding to review an award of the Industrial Commission, the circuit court had no authority to tax interest upon entering its judgment confirming the award. See *Interlake Steel Corp. v. Industrial Com.* (1975), 60 Ill. 2d 255; *Board of Education v. Industrial Com.* (1968), 39 Ill. 2d 167.

In *Proctor Community Hospital v. Industrial Com.* (1971), 50 Ill. 2d 7, the Industrial Commission had awarded compensation to the employee's widow. The award was set aside by the circuit court, but was reinstated by the supreme court. Following the issuance of the mandate, the employer paid the award but refused to pay the interest thereon. The widow filed a section 19(g) proceeding and was awarded $1,713.43 for interest computed in accordance with section 3 of the Interest Act (Ill. Rev. Stat. 1967, ch. 74, par. 3) from the date of the

Industrial Commission award to the date of payment. The employer appealed, arguing that the circuit court had no authority to enter a judgment for interest. In affirming the circuit court, the supreme court stated as follows:

"*Board of Education v. Industrial Com.* and the cases upon which the court relied in reaching its decision are clearly distinguishable in that they involved proceedings in which the circuit court was reviewing the awards of the Industrial Commission. Here the review procedures were completed and there remained only the matter of enforcement of our mandate. *Clearly under section 3 a judgment based on an award of the Industrial Commission is to include the interest from the date of the award to the time of rendering of the judgment.* [Citation.]" (Emphasis added.) *Proctor Community Hospital v. Industrial Com.* (1971), 50 Ill. 2d 7, 9.

■ Thus, prior to the enactment of section 19(n) in 1975, the provisions of the Interest Act were held to apply to judgments entered on an award of the Industrial Commission as in the case before us, but not in proceedings involving reviews of Industrial Commission decisions. Now, with the enactment of section 19(n), an award of interest is available in both instances. Nothing in section 19(n) suggests a change in applicability of the present interest statute, section 2—1303, to judgments on Industrial Commission awards as opposed to the awards which are now covered in section 19(n). A repeal of a statute by implication will not be found unless the intent of the legislature to do so is clear. (*People v. Moffitt* (1985), 138 Ill. App. 3d 106, 118.) It seems clear that section 19(n) was enacted to provide authority for the assessment of interest in those cases which were otherwise excluded from obtaining an award of interest under the interest statute, but does not otherwise affect the applicability of that statute to awards under the Workers' Compensation Act. Compare *In re Marriage of Pick* (1983), 119 Ill. App. 3d 1061.

■ Finally, the employer contends that our holding in the prior opinion in this case is *res judicata* as to whether the employee was entitled to an award of interest. However, the employer has cited no authority for this argument in violation of Supreme Court Rule 341(e)(7). (107 Ill. 2d R. 341(e)(7).) Therefore, the point is waived. See *Flynn v. Vancil* (1968), 41 Ill. 2d 236.

Having determined that the employee is entitled to interest, we will now address the points raised by the dissenting opinion in this case.

It is undisputed that since its enactment, the Workers' Compensa-

tion Act has provided the exclusive remedy for the recovery of damages sustained by an employee during the course of his employment. (Ill. Rev. Stat. 1985, ch. 48, pars. 138.5(a), 138.11.) On that basis, therefore, the dissent submits that the sole basis for an award of interest in a worker's compensation case is under section 19(n). Utilizing that reasoning, the resulting conclusion is that no interest could have been awarded in any worker's compensation case prior to the enactment of section 19(n).

This conclusion flies in the face of our supreme court's decisions in both *Proctor Community Hospital v. Industrial Com.* (1971), 50 Ill. 2d 7, and *McMurray v. Peabody Coal Co.* (1917), 281 Ill. 218. Further, in *Bell & Gossett Co. v. Industrial Com.* (1972), 53 Ill. 2d 144, 151, the supreme court approved the ruling in *Proctor* and stated as follows:

"However, in *Proctor Community Hospital v. Industrial Com.* (1971), 50 Ill. 2d 7, [276 N.E.2d 342,] we held *that the application of Interest Act to Industrial Commission awards was proper*, and that in the absence of a tender, interest accrues from the date the award is entered by the Commission." (Emphasis added.) 53 Ill. 2d 144, 151.

The interest issue in *Belt & Gossett* was discussed by the supreme court in *Interlake Steel Corp. v. Industrial Com.* (1975), 60 Ill. 2d 255, as follows:

"It must be noted, however, that in that case [*Bell & Gossett*] we did not hold that the circuit court should include, as part of its judgment confirming the Industrial Commission's decision, interest on the award. We only followed our holding in *Proctor Community Hospital* that under the Interest Act interest accrues on an award of the Industrial Commission from the date that the award is entered. *It is the statute* (Ill. Rev. Stat. 1971, ch. 74, par. 3) *which gives rise to the right to interest on the award and on any payments accruing thereafter and not the judgment of the circuit court.*" (Emphasis added.) 60 Ill. 2d 255, 261.

Each of the above cases was decided prior to the enactment of section 19(n); however, they do rebut the theory that the Workers' Compensation Act is the exclusive remedy for recovery by an injured employee.

Also, the dissent places considerable emphasis on the point that the proposed opinion permits the petitioner to circumvent the prior decision in this case (*Bray* I). It is correct that this decision does so. However, the decision in *Bray* I is readily distinguished from this case on the basis that the petitioner did not seek the right remedy (section

19(g)) to secure interest and not because section 19(n) overruled the *Proctor* case.

The dissent further states that under the majority opinion, interest will no longer be sought under section 19(n) but under the interest section of the Code of Civil Procedure. This no longer follows because section 19(n) was altered in 1981 to eliminate the requirement that the arbitrator's award be confirmed or increased in order to secure interest thereunder. In *Kuhl v. Industrial Com.* (1986), 147 Ill. App. 3d 519, 524, it is stated:

> "The current version of section 19(n) provides that a petitioner shall be entitled to interest in accordance with its provisions *unless 'petitioner appeals an award of an Arbitrator or the Commission* and the appeal results in no change in the award.' Thus, an appeal initiated by a respondent does not circumvent the interest-accrual provisions of section 19(n)." (Emphasis added.) 147 Ill. App. 3d 519, 524.

In view of the above change in section 19(n), claims for interest can be made thereunder without pursuing interest under the Code of Civil Procedure if the employee chooses. This determination will permit interest in section 19(g) cases where section 19(n) doesn't apply.

Furthermore, if section 19(n) is to be interpreted as the sole provision allowing for interest under worker's compensation awards, then by prohibiting interest under the Code of Civil Procedure, the employer will be encouraged to take appeals and employ delaying tactics in order that it may have the use of the money awarded under section 19(h) without the accrual of interest for a longer period. Such a result, in turn, places a greater hardship on the employee by not permitting interest although he has been found to be entitled to greater compensation by virtue of proceedings under section 19(h).

The circuit court properly entered judgment for the employee, and its judgment is affirmed.

Affirmed.

WOODWARD, McNAMARA, and McCULLOUGH, JJ., concur.

PRESIDING JUSTICE BARRY, specially concurring:

While I concur with the result reached in the majority opinion, my reasons for reaching that result differ in some respects. Both the majority and dissenting opinions provide sound reasoning in support of their respective positions.

The majority notes, correctly I believe, that *Bray* I dealt only with

the applicability of section 19(n) to that case and did not consider whether section 19(n) overruled *Proctor*. Accordingly, the petitioner is not attempting to circumvent our decision in *Bray* I. Further, as the majority points out, *Proctor* and its progeny show that in some instances the Workers' Compensation Act is not the exclusive remedy for recovery by an injured employee. The majority opinion effectively reasons that statutes which relate to the same subject should be construed harmoniously where possible, and that a repeal of a statute by implication will not be found unless the intent of the legislature to do so is clear. Thus, according to the majority, the enactment of section 19(n) implied no repeal of prior law, and section 2—1303 interest should continue to be available for section 19(g) judgments, as set forth in *Proctor*.

The dissenters reason that the legislature meant to overrule *Proctor* by enacting section 19(n). This view, which leads to the conclusion that no interest is available here, is in keeping with the Act's statement that it is the sole measure of responsibility of any employer. I would also note that at the time of its enactment, section 19(n)'s 6% interest provision matched the 6% interest provided by the Interest Act. (Ill. Rev. Stat. 1975, ch. 74, par. 3.) Section 19(n) was subsequently amended several times to expand its coverage and provide an interest percentage based on prevailing interest rates. These latter facts tend to show a legislative intent to make the Act all-inclusive.

Faced with equally persuasive, opposing interpretations of section 19(n), we must turn to the principles we have established for selecting the proper interpretation. One such principle is that the Workers' Compensation Act is remedial in nature and should be liberally construed to accomplish its purposes and objectives. (*Pathfinder Co. v. Industrial Com.* (1976), 62 Ill. 2d 556, 343 N.E.2d 913.) The fundamental purpose of the Act is to provide employees and their dependents prompt, sure and definite compensation, together with a quick and efficient remedy for injuries or death suffered in the course of employment. (*General American Life Insurance Co. v. Industrial Com.* (1983), 97 Ill. 2d 359, 454 N.E.2d 643.) In accordance with this objective, section 19(g) of the Act permits the entry of a speedy judgment in cases where there has been a refusal to pay. Ill. Rev. Stat. 1985, ch. 48, par. 138.19(g); *Kuhl v. Industrial Com.* (1986), 147 Ill. App. 3d 519, 498 N.E.2d 240.

In the instant case, the majority interpretation liberally construes the Act to accomplish the Act's objective of providing employees with quick and efficient compensation for injuries. Interest accruing on awards ensures that employers have nothing to gain by delaying pay-

ment without cause. Interest payments also further the Act's objective of prompt compensation by ensuring that the employee begins benefitting from the award upon the arbitrator's or Industrial Commission's decision, even if the employee does not actually receive payment until later. Lastly, the majority's interpretation puts some muscle behind section 19(g)'s objectives of speedy judgment and payment.

The dissent's interpretation, on the other hand, creates two classes of injured employees. Under that interpretation, those who receive an award under section 19(e) and are thus potentially covered by the interest provision of section 19(n) are accorded the full benefit of the Act's goal of providing them with prompt compensation for their injuries. Those who receive an award under section 19(h), as did the instant petitioner, are relegated to a lower class in which the employer, not threatened by accruing interest, is induced to take appeals and delay in order to control the money awarded for as long as possible. I can find nothing in the Act or elsewhere from which to conclude that the legislature intended such a result.

Given the ambiguity of section 19(n) in relation to *Proctor*, I believe we have no choice but to liberally construe the Act in favor of the employee. For this reason, I join in the majority's determination that the circuit court properly awarded section 2—1303 interest to the petitioner.

JUSTICE KASSERMAN, dissenting:

I am unable to agree with the conclusion of the majority that the claimant is entitled to interest under section 2—1303 of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 2—1303); therefore, I respectfully dissent.

Counsel for claimant was before this court on September 25, 1984, requesting interest under section 19(n) of the Workers' Compensation Act (Ill. Rev. Stat. 1981, ch. 48, par. 138.19(n)). This court declined to award interest for the reason stated in the opinion of the majority. Subsequent to those proceedings, the same counsel appeared before the circuit court in the case at bar seeking interest under section 2—1303 of the Code of Civil Procedure.

Obviously, the effect of awarding interest in the instant proceeding is to permit the employee to circumvent not only the provisions of section 19(n) of the Act but also the prior decision of this court. Therefore, when the decision of the majority is published, one can anticipate all claims for interest being made under the Code of Civil Procedure rather than the Workers' Compensation Act in instances where the award of the arbitrator is reduced on review because interest is not

recoverable under the Workers' Compensation Act in situations where the award of the arbitrator is neither confirmed nor increased by the Industrial Commission. Such a result would render the provisions of section 19(n) of the Act totally meaningless.

In this regard, I would note that it has long been recognized that the Workers' Compensation Act provides an exclusive remedy for the recovery of damages due to injuries sustained by an employee during the course of his employment (section 5(a) and section 11 of the Workers' Compensation Act (Ill. Rev. Stat. 1983, ch. 48, pars. 138.5(a), 138.11; *Sharp v. Gallagher* (1983), 95 Ill. 2d 322, 326-27, 447 N.E.2d 786, 787-88; *McCormick v. Caterpillar Tractor Co.* (1981), 85 Ill. 2d 352, 356, 423 N.E.2d 876, 879). Section 11 of the Act provides in pertinent part:

> "The compensation herein provided, together with the provisions of this Act, shall be the measure of the responsibility of any employer [covered by the Act] ***." (Ill. Rev. Stat. 1983, ch. 48, par. 138.11.)

The current proceedings instituted by the employee, seeking interest under the Code of Civil Procedure, is an attempt to totally circumvent these provisions.

The majority relies on the decision in *Proctor Community Hospital v. Industrial Com.* (1971), 50 Ill. 2d 7, 276 N.E.2d 342, for the proposition that interest on awards of the Industrial Commission may be ordered under the provisions of section 2—1303 of the Code of Civil Procedure. It is my conclusion that the enactment of section 19(n) of the Workers' Compensation Act subsequent to the decision in *Proctor* did, in fact, overrule the decision in *Proctor.*

Furthermore, it would be most incongruous to permit the employee in the case at bar to circumvent our prior decision by affirming the award of interest under the general interest statute found in section 2—1303 of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 2—1303). It may be anticipated that in the future, claimants most certainly will seek interest under section 2—1303 of the Code of Civil Procedure, and not under section 19(n) of the Workers' Compensation Act, in all situations in which the award of the arbitrator is neither confirmed nor increased on review.

It is my opinion that section 19(n) of the Workers' Compensation Act is the sole basis for the award of interest to a claimant under the Act.

For the foregoing reasons, I would reverse the decision of the circuit court.