GEORGE R. BALLARD, Appellee and Cross-Appellant, v. THE INDUSTRIAL COMMISSION *et al.* (A. O. Smith Harvestore Products, Inc., Appellant and Cross-Appellee).

Third District (Industrial Commission Division)   No. 3—87—0560WC

Opinion filed July 14, 1988.

George M. Burrier, Jr., of Peoria, for appellant.

Robert G. Day, Jr., of Law Offices of Day & Day, of Peoria, for appellee.

JUSTICE McCULLOUGH delivered the opinion of the court:

Claimant filed an application for judgment for interest and attorney fees under section 19(g) of the Workers' Compensation Act (Act) (Ill. Rev. Stat. 1985, ch. 48, par. 138.19(g)) asking that interest be awarded at the statutory rate of 9% under section 2—1303 of the Code of Civil Procedure (Code) (Ill. Rev. Stat. 1985, ch. 110, par. 2—1303). The trial court awarded interest at the rate of 6% from the date of the Industrial Commission's (Commission's) decision of May 30, 1985, through June 10, 1987, together with attorney fees for vexatious delay in refusing to pay interest. Respondent appeals the award of interest and attorney fees. Claimant cross-appeals, arguing interest should have been set at the Code rate of 9% rather than at 6% pursuant to section 19(n) of the Act (Ill. Rev. Stat. 1985, ch. 38, par. 138.19(n)).

The procedural history of this case is straightforward. On November 21, 1980, the arbitrator awarded claimant 174/7 weeks temporary total disability for a back injury. Permanent partial disability to the extent of 71/2% was also awarded. On review, the Commission reduced the permanent partial disability award to 3% and made a finding there was no causal relationship between claimant's condition and

his employment after March 1976. On initial review in 1983, the trial court reversed that latter finding as against the manifest weight of the evidence and remanded. On remand the Commission issued a decision on May 30, 1985, finding claimant was permanently and totally disabled, awarding $128 per week for life from June 7, 1976, forward. The circuit court confirmed the Commission and this court affirmed the circuit court on April 29, 1987. (*A. O. Harvestore Products, Inc. v. Industrial Comm'n* (3d Dist., April 29, 1987, No. 3—85—0774 (unpublished order under Supreme Court Rule 23).) The appellate court mandate issued May 26, 1987.

On July 7, 1987, claimant filed his application for judgment for interest. Claimant asked for interest from May 30, 1985, the date of the Commission's second decision through June 10, 1987, at the rate of 9%. The application alleged respondent had tendered the amount due on the underlying award on June 11, 1987, but refused to pay any interest accruing after May 30, 1985. The trial court found claimant was entitled to interest at the rate of 6% on the sum of $31,670.85, representing the value of the unpaid Commission award as of May 30, 1985, through June 10, 1987, the date respondent made its tender without interest. The court also awarded attorney fees in the amount of $10,792 covering the fees incurred at arbitration and on the application for a judgment.

Respondent argues the award of interest and attorney fees under section 19(g) was improper because there was a genuine dispute over whether interest was due claimant.

The pertinent portion of section 19(g) states:

"[E]ither party may present a certified copy of the *** decision of the Commission when the same has become final *** providing for the payment of compensation *** to the Circuit Court *** whereupon the court shall enter a judgment ***. In a case where the employer refuses to pay compensation according to such final award or such final decision upon which such judgment is entered the court shall in entering judgment thereon, tax as costs *** the reasonable costs and attorney fees in the arbitration proceedings and in the court entering the judgment for the person in whose favor the judgment is entered ***." (Ill. Rev. Stat. 1985, ch. 48, par. 138.19(g).)

As a preliminary matter, the parties appear to agree that if section 19(n) has any application to this case, interest would be awarded at 6% given the date of the arbitrator's decision. See Ill. Rev. Stat. 1981, ch. 48, par. 138.19(n).

The problems which arise in this case are due largely to the confu-

sion which exists in the case law and the statutory amendments which relate to this intricate issue. (See *Aper v. National Union Electric Corp.* (1988), 165 Ill. App. 3d 482, 519 N.E.2d 117; *Kuhl v. Industrial Comm'n* (1986), 147 Ill. App. 3d 519, 498 N.E.2d 240.) We are not unmindful of the incongruous results this dilemma often presents (see *Bray v. Industrial Comm'n* (1987), 161 Ill. App. 3d 87, 97, 513 N.E.2d 1045, 1052 (Kasserman, J., dissenting)) and this case is no exception.

To properly determine which interest statute applies it is necessary to frame the issue in terms of distinct periods of time. We begin with the period prior to the arbitrator's award of November 21, 1980.

■ Interest under section 19(n) of the Act applies to all unpaid benefits which have accrued prior to the date of an arbitrator's award. (*Folks v. Hurlbert's Wholesale Siding & Roofing, Inc.* (1981), 93 Ill. App. 3d 19, 416 N.E.2d 745.) This remains the date from which interest accrues despite the fact at an intermediate level of review the award was overturned and on further review reinstated (*Proctor Community Hospital v. Industrial Comm'n* (1971), 50 Ill. 2d 7, 276 N.E.2d 342) or increased (*Kuhl v. Industrial Comm'n* (1986), 147 Ill. App. 3d 519, 498 N.E.2d 240). Therefore, interest is properly assessed at the rate of 6% under section 19(n) if, as of the date of the arbitrator's award, respondent had failed to pay an amount sufficient to cover the temporary total benefits originally awarded by the arbitrator and any permanent total disability benefits which accrued prior to November 21, 1980, by virtue of the Commission's May 30, 1985, decision.

■ Respondent argues that as of November 21, 1980, it had paid claimant over $29,000 and is entitled to a credit for that amount. We agree. Nevertheless, the question remains whether this sum was sufficient to satisfy respondent's total liability for the benefits to which claimant was entitled as of that date. If it was, no interest under section 19(n) may be awarded because there was no unpaid award existing to which interest might attach. On the other hand, if the sum did not constitute an amount sufficient to cover all benefits due, claimant is entitled to interest at the rate of 6% on any unpaid amount of accrued benefits as of November 21, 1980, from that date through June 10, 1987, the date of respondent's tender.

■ The next time frame we consider is that between the date of the arbitrator's award and the date of the Commission's second decision on May 30, 1985. Under the rule of *Folks v. Hurlbert's Wholesale Siding & Roofing, Inc.* (1981), 93 Ill. App. 3d 19, 416 N.E.2d 745, claimant is not entitled to interest under section 19(n) on any

benefits which accrue after the date of the arbitrator's award. Necessarily, weekly total permanent disability benefits which come due after November 21, 1981, cannot have accrued prior to that date. Therefore, section 19(n) does not apply.

■ Had respondent tendered the amount of benefits due from November 21, 1981, through May 30, 1985, immediately subsequent to the Commission's decision on that latter date, claimant would have no claim for interest on that amount. (*Folks*, 93 Ill. App. 3d 19, 416 N.E.2d 745.) However, following the Commission's decision, respondent refused to pay any further benefits due under the Commission award until its belated tender in June 1987. Despite the fact section 19(n) does not apply, claimant is still entitled to interest on the amount of unpaid benefits accruing after November 21, 1980, calculated from May 30, 1985, through June 10, 1987. Since section 19(n) does not apply, interest is properly taxed at 9% under section 2—1303 of the Code. *Proctor Community Hospital v. Industrial Comm'n* (1971), 50 Ill. 2d 7, 276 N.E.2d 342; *Bray v. Industrial Comm'n* (1987), 161 Ill. App. 3d 87, 513 N.E.2d 1045; accord *Aper v. National Union Electric Corp.* (1988), 165 Ill. App. 3d 482, 519 N.E.2d 117.

Under the rationale of those cases, section 19(n) of the Act and section 2—1303 of the Code must be considered *in pari materia*. We agree that the purpose of assessing interest is to encourage prompt payment of awards and there should be as much incentive for a defendant to make the periodic payments which accrue after the arbitrator's award as there is to pay those sums which accrue in the award. (*Folks*, 93 Ill. App. 3d at 21, 416 N.E.2d at 747.) Nothing in section 19(n) suggests a change in the applicability of section 2—1303 to judgments on Industrial Commission awards as opposed to awards which are covered in section 19(n). *Bray v. Industrial Comm'n* (1987), 161 Ill. App. 3d 87, 513 N.E.2d 1045; *Aper v. National Union Electric Corp.* (1988), 165 Ill. App. 3d 482, 519 N.E.2d 117.

Therefore, since respondent made no payment on benefits which came due after November 21, 1980, claimant is entitled to interest at the Code rate of 9% on the amount which accrued from November 21, 1980, through May 30, 1985, beginning on May 30, 1985, and thereafter from the date each subsequent unpaid weekly sum accrued through June 10, 1987.

Our ruling is, we judge, in complete harmony with this court's prior decision in *Kuhl v. Industrial Comm'n* (1986), 147 Ill. App. 3d 519, 498 N.E.2d 240, in which this court held that interest on an award which was increased by the Commission was properly calculated at the rate of 6%. The increase awarded there was in temporary

total benefits which accrued before, not after, the arbitrator's award and was thus subject to section 19(n).

With respect to determining the proper amount of interest on benefits, employers and employees must look to the statutes and the reviewing courts' decisions. This is a thankless task due to the legislative scheme and the courts' contortions performed to justify and compute interest pursuant to that scheme. The interest rates provided under sections 19(n) and 2—1303 are significantly different. Appropriate legislation providing a simple formula applicable to all compensation proceedings is needed.

 ██ █ As to the issue of attorney fees, we conclude there was ample evidence to support their award here. While a legitimate dispute may have existed as to whether the amounts previously paid by respondent were sufficient to discharge its liability prior to the arbitrator's decision, the continued refusal to pay any benefits accruing after 1985 for a period in excess of two years following the Commission's determination of permanent total disability cannot be supported. The award was proper. (See *Kuhl v. Industrial Comm'n* (1986), 147 Ill. App. 3d 519, 498 N.E.2d 240; see also *Smith v. Gen Co. Corp.* (1973), 11 Ill. App. 3d 106, 296 N.E.2d 25.) Full payment or tender of full payment of a final award is a complete defense to an application for judgment under section 19(g), but if anything is properly due the employee after the final award at the time the application for judgment is made, the circuit court should enter judgment as provided in section 19(g). *Voorhees v. Industrial Comm'n* (1964), 31 Ill. 2d 330, 201 N.E.2d 382.

Finally, we deem it appropriate to remand this case to the trial court for further hearing on the factual determinations we have directed be made. We also consider it appropriate that the parties be given leave to present such further evidence on these particular matters as they may choose to assist the trial court in recomputing the interest due.

For the foregoing reasons the judgment of the circuit court of Peoria County awarding attorney fees is affirmed. The judgment awarding interest is reversed and remanded with directions.

Affirmed in part; reversed in part and remanded with directions.

BARRY, P.J., and McNAMARA, WOODWARD, and CALVO, JJ., concur.