DANNY HILLYER, Plaintiff-Appellant, v. OWENS ILLINOIS GLASS COMPANY, Defendant-Appellee.—JOHN WOODY, Plaintiff-Appellant, v. LIBBY-OWENS FORD, Defendant-Appellee.

Third District (Industrial Commission Division)   No. 3—88—0613WC

Opinion filed May 30, 1989.

Mark A. Schindler, of Law Offices of Peter F. Ferracuti, P.C., of Ottawa, for appellants.

John F. Power III and Jeffrey B. Huebsch, both of Kubiesa & Power, Ltd., of Westmont, for appellees.

JUSTICE McNAMARA delivered the opinion of the court:

Claimant Danny Hillyer and claimant John Woody each filed an application for judgment for interest and attorney fees under sections 19(g) and 19(n) of the Workers' Compensation Act (Ill. Rev. Stat. 1987, ch. 48, pars. 138.19(g), 138.19(n)). The two cases were consolidated, and the trial court granted motions to dismiss in favor of respondents, Owens Illinois Glass Company and Libby-Owens-Ford, pursuant to section 2—619 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—619). Claimants appeal.

In *Hillyer*, the arbitrator awarded four weeks' temporary total disability and 19 weeks' permanent partial disability benefits for the complete loss of the use of the left hand to the extent of 20% thereof. Owens Illinois filed a petition for review on January 4, 1985. Hillyer filed a petition for review several hours later. At the review hearing before the Industrial Commission (Commission), Owens Illinois argued that the arbitrator erred in finding a causal connection and in determining the nature and extent of the disability. Hillyer argued that the arbitrator erred in not finding a greater disability. Before the Commission, both parties submitted evidence and filed briefs. The Commission affirmed the arbitrator's award, and Owens Illinois paid it to Hillyer, but without interest. No further appeal was taken. On January 14, 1988, Hillyer filed a petition for entry of judgment and taxation of costs and attorney fees in the circuit court of

La Salle County.

In *Woody*, the arbitrator awarded 54 weeks' temporary total disability and permanent partial disability to the extent of 30% loss of the man as a whole. Libby-Owens filed a petition for review on October 31, 1984. Woody filed a petition for review one week later. At the review hearing before the Commission, Libby-Owens argued that the arbitrator erred in finding causal connection and as to the nature and extent of the disability. Woody argued that the arbitrator erred with respect to the nature and extent of disability and wages, but urged that the award be affirmed. Before the Commission, both parties submitted evidence. The Commission reduced the award for temporary total disability to 51 weeks and reduced the award for permanent disability to 25% loss of the man as a whole. Woody requested a full written decision, and the Commission furnished a written decision several months later. Libby-Owens paid the award to Woody, but without interest. No further appeal was taken. On January 14, 1988, Woody filed a petition for entry of judgment and taxation of costs and attorney fees in the circuit court of La Salle County.

On June 2, 1988, the trial court consolidated the two cases. On August 22, 1988, the trial court dismissed the petitions pursuant to section 2—619 of the Code of Civil Procedure.

On appeal, claimants contend that their filing of "cross-appeals" before the Commission does not preclude their entitlement to interest under section 19(n) of the Act. That section provides:

> "After June 30, 1984, decisions of the Industrial Commission reviewing an award of an arbitrator of the Commission shall draw interest ***. *** However, when an *employee* appeals an award of an Arbitrator or the Commission, and the appeal results in *no change* or a *decrease* in the award, interest shall not further accrue from the date of such appeal." (Ill. Rev. Stat. 1987, ch. 48, par. 138.19(n).) (Emphasis added.)

Similarly, the arbitrator's awards in both cases informed the parties that "should an employee's appeal of this case result in either no change or a decrease in this award, interest shall not further accrue from the date of such appeal."

■ Both claimants appealed the arbitrator's awards when they filed petitions for review before the Commission. Hillyer's appeal resulted in no change. Woody's appeal resulted in a decrease in the award. Under the plain language of the statute, therefore, interest shall not further accrue for either claimant from the date of those appeals.

Claimants maintain that respondents "initiated" the appeal and

that claimants "sought no relief on review other than affirmance of the arbitrator's award." Moreover, the "cross-reviews" filed by claimants are "legal nullities." Claimants explain that where an employer initiates a review and the employee believes "there is even the slightest chance of obtaining an increase in the arbitrator's award, he has no choice but to cross-appeal." We know of no basis in the law, nor has any been cited, for such a theory. Either or both parties may appeal the arbitrator's award.

Claimants' reliance on *Kuhl v. Industrial Comm'n* (1986), 147 Ill. App. 3d 519, 498 N.E.2d 240, and *Bray v. Industrial Comm'n* (1987), 161 Ill. App. 3d 87, 513 N.E.2d 1045, is misplaced. In *Kuhl*, the pre-1984 version of section 19(n) was applied, under which no distinction was made as to whether the appeal to the Commission was initiated by the employer or employee. In contrast, the present version of section 19(n) entitles the employee to interest unless the employee appeals the award and the appeal results in no change in the award. Moreover, unlike the present case, only the employer in *Kuhl* appealed the arbitrator's decision. The Commission reduced the award, the trial court reinstated the arbitrator's award, and this court permitted an award of interest. In *Bray*, the pre-1984 version of section 19(n) was not applied because there had been a proceeding held pursuant to section 19(h) of the Act.

■ Claimants contend, as an alternative, that if they are not entitled to interest pursuant to section 19(n), then interest should be allowed under section 2—1303 of the Code of Civil Procedure. (Ill. Rev. Stat. 1987, ch. 110, par. 2—1303.) We have held that section 2—1303 of the Code and section 19(n) of the Act should be read *in pari materia*. (*Ballard v. Industrial Comm'n* (1988), 172 Ill. App. 3d 41, 526 N.E.2d 675; *Aper v. National Union Electric Corp.* (1988), 165 Ill. App. 3d 482, 519 N.E.2d 117; *Bray v. Industrial Comm'n*, 161 Ill. App. 3d 87, 513 N.E.2d 1045.) However, claimants failed to raise the issue of their entitlement to interest under section 2—1303 before the trial court, and therefore have waived the issue on review.

■ Claimants finally contend that they are entitled to attorney fees and costs pursuant to section 19(g) of the Act. That section provides that "where the employer refuses to pay compensation according to such final award or such final decision upon which such judgment is entered the [circuit] court shall in entering judgment thereon, tax as costs against him the reasonable costs and attorney fees in the arbitration proceedings." (Ill. Rev. Stat. 1987, ch. 48, par. 138.19(g).) The employers here have timely paid the benefits awarded by the Commission. We find no basis for an award of attorney fees.

We hold that the trial court properly dismissed the petitions for interest, attorney fees and costs.

For the foregoing reasons, the judgment of the circuit court of La Salle County is affirmed.

Judgment affirmed.

BARRY, P.J., and WOODWARD, McCULLOUGH, and LEWIS, JJ., concur.